GILBERT vs. GILBERT.

1. The proponent of a will is an incompetent witness to sustain it, and cannot render himself competent by renouncing as executor.
2. Declarations explanatory of an act which is itself not evidence, are inadmissible as evidence.
3. Undue influence must be such as, in some measure, destroys the free agency of the testator, and prevents the exercise of that discretion which the law requires in relation to every testamentary disposition; it is not enough that he is dissuaded by solicitations or argument from disposing of his property as he had previously intended; it must be equivalent to moral coercion, and constrain the testator to do that which is against his will, but which, from fear, the desire of peace, or some other feeling, he is unable to resist.
4. In determining the question of undue influence, the fact that the will makes an unnatural disposition of the property—the physical and mental condition of the testator at the time the influence is exerted—the relative position of the testator and the person exerting the influence, and the motives of the latter, as deducible from interest to himself, or from affection or animosity to others, may all be proper circumstances to be taken into consideration.
5. Acts and declarations of the testator before the publication of his nuncupative will, and his expressions at the time of its execution, tending to show a paternal feeling and affection towards a child for whom the will made no provision, are admissible evidence for the contestant.
6. So, also, acts of officious intermeddling, harrassing and annoying to a dying man, or evincing a purpose to hurry him on to the act, without giving him time to deliberate, are admissible evidence against the will.
7. But testimony showing that two of the testator's relatives who resided in the same neighborhood with him, had never heard of the will until a short time before it was offered for probate, is not admissible, either as tending to show that undue influence was exerted, or that no such will was in fact made.
8. After the evidence on both sides has closed, it is discretionary with the court to receive additional evidence; and this discretion is not revisable on error.

ERROR to the Court of Probate of Sumter.

William Gilbert, the plaintiff in error, as executor of James

M. Gilbert, deceased, propounded his nuncupative will for probate, which was contested by the defendant in error, a son of the deceased, who appeared in person, and, being a minor over fourteen years of age, was represented by a guardian *ad litem* appointed by the court. By the will propounded for probate, the testator bequeathed all his property to his wife Mary, and his infant daughter, Susan Frances; and further provided that his son David, the defendant in error, should not have any of his property, "as he was large enough to support himself, and had property coming to him in North Carolina."

On the trial of the issue *devisavit vel non*, the probate of the will was resisted on the ground, among others, that it was procured by undue influence. The proponent was offered as a witness to establish the will, but contestant's counsel objected to him as being incompetent, and the objection was sustained. Proponent thereupon offered to resign his trust, so that he might testify; but the court would not permit him to do so for that purpose, and he excepted.

The contestant offered to prove, that, about twelve days before the testator's death, witness and said testator met contestant, about a mile and a half from the house of his paternal grand-mother, Susan Gilbert, walking along the road in a direction leading from her house, with a bundle of clothes on his back; and that contestant then stated to said testator, that his grand-mother had ordered him off from her house, where said testator and contestant had resided for nearly three months. This evidence was offered for the purpose of showing a state of ill feeling between said contestant and his grand-mother; the proponent's counsel objected to its admission, but the court overruled his objection, and admitted the evidence, upon the statement of contestant's counsel that he expected to introduce other evidence to show its relevancy; to this the proponent excepted. The evidence offered for this purpose consisted of statements of the said Susan Gilbert, made to the witness, that she had ordered the said David from her house; the court admitted it, as establishing the relevancy of the other testimony, and the proponent excepted.

The contestant also introduced evidence to show that, at at the time of making said will, when said testator was on his

Gilbert v. Gilbert.

death bed, he called the proponent to him, told him he wished to arrange his business, and asked him if he would attend to it for him; that the proponent made no answer, and thereupon said Susan said that he, proponent, would attend to it. This evidence was objected to by proponent, but his objection was overruled, and he excepted.

Evidence was also offered by contestant of declarations made to him by said testator, a few days before his last illness, to the effect that, if contestant would live with him, and help him with his crop, he would do a good part by him, and that he intended to leave his property to his two children; also, that contestant did so live with him. Evidence was also offered by contestant of the conduct and expressions of the testator towards him, showing that he regarded contestant with love and affection. The proponent's counsel objected to the admission of each part of this evidence; but the court admitted it, and he excepted.

The contestant also offered to prove by two witnesses, that they were relatives of the testator; that they resided and were intimately acquainted in the neighborhood; and that they had never heard of said testator's having made a will, until a short time before it was offered for probate. This evidence was admitted, against the objection of proponent, and he excepted.

After the evidence on both sides had closed, the proponent offered to prove declarations of the said Susan Gilbert, to the effect that she had no feeling of ill will towards the contestant, at or before the execution of the will, the declarations being made after the death of the testator. The contestant objected to this evidence, and his objection was sustained; to which the proponent excepted. The court having been, by consent, substituted for the jury on the trial of the issue, decided against the validity of the will.

The errors assigned are based upon the rulings of the court in sustaining objections to the evidence offered by proponent, in overruling his objections to the evidence offered by contestant, and in refusing to allow proponent to testify.

JAMES O. WILLIAMS, for plaintiff in error.
R. H. SMITH, *contra*.

GOLDTHWAITE, J.—The ruling of the court below in refusing to allow the plaintiff in error to become a witness to sustain the validity of the will, was correct. He was incompetent, not because he was named as executor, but for the reason that he was the proponent of the will. He offered it for probate, and in the contest which arose in relation to its validity, occupied the position of the plaintiff in the suit. If the issue was determined against him, under the operation of the statute, (Clay's Dig. 316, § 26,) he was responsible for costs. His renouncing as executor could have had no effect in exonerating him from this liability, for the reason that he would still have remained the proponent, and the liability for costs attached to him in that capacity.

The declarations of the son at the time he was met by the testator, in the road, going from the house of his grandmother, were, however, improperly admitted, as the act which the declarations were offered to explain would not itself have been evidence; and this testimony derived no support whatever from the subsequent declarations of the grand-mother in relation to the same matter. She was a competent witness, and her declarations to explain a previous act could not, under any circumstances, have been received, unless so immediately succeeding it as to become part of the *res gestæ*.

To determine correctly the questions which arise upon the admissions of the other portions of the evidence which were received against the objections of the proponent, it may be necessary to consider the character of the issue which the testimony was offered to support. The question was, whether the will was obtained by undue influence; and undue influence, legally speaking, must be such as, in some measure, destroys the free agency of the testator; it must be sufficient to prevent the exercise of that discretion which the law requires in relation to every testamentary disposition. It is not enough that the testator is dissuaded by solicitations or argument from disposing of his property as he had previously intended; he may yield to the persuasions of affection or attachment, and allow their sway to be exerted over his mind; and in neither of these cases, would the law regard the influence as undue. To amount to this, it must be equivalent to moral coercion—it must constrain its subject to do what is

against his will, but which from fear, the desire of peace, or some other feeling, he is unable to resist; and when this is so, the act which is the result of that influence, is vitiated. Small v. Small, 4 Green. 220; Mountain v. Bennett, 1 Cox 355; Woodward v. James, 3 Strobh. 552; Potts v. House, 6 Geo. 324; Kinleside v. Harrison, 2 Phil. 449. It will be readily seen that, in order to determine whether the will is the result of influence of this character, great latitude must necessarily be given to the evidence. The fact that the will makes an unnatural disposition of the property, the physical and mental condition of the testator at the time the influence is exerted, the relative position of the testator and the person exerting it to each other, and the motives of the latter, as deducible from interest to himself, or from affection or animosity to others, may all be circumstances proper to be taken into consideration, in the determination of this issue.

Applying these principles to the other portions of the evidence which were excepted to, we have but little difficulty in arriving at a correct conclusion. The declarations of the testator made before the will, in favor of the contestant, were competent, (Smith v. Fenner, 1 Gal. 170; Roberts v. Trawick, 13 Ala. 68;) and upon the same principle, the acts and declarations of the testator before the will, and his expressions at the time of its execution, tending to show a father's feeling and affection towards a child for whom the will made no provision. All evidence of this character was legitimate, and was correctly admitted. So, also, acts of officious intermeddling, harrassing and annoying to a dying man, or evincing a purpose to hurry him on to the act, without giving him time to deliberate. While on the other hand, testimony showing that two of the relatives of the decedent, who lived and were acquainted in the neighborhood, had not heard of the will until a short time before the same was offered for probate, could not properly be taken into consideration, either as tending to show that undue influence had been exerted, or that no such will was in fact made. This evidence, therefore, should not have been received.

The refusal of the court to hear the evidence in relation to the declarations of the grand-mother of the contestant, was in all respects proper. As we have already said, she was a

competent witness, and her own declarations as to her feelings towards the contestant, not in any way forming part of the *res gestæ*, should not have been received. If, however, the testimony had been legal, as it appears from the bill of exceptions that the evidence on both sides had closed, its admission would have been purely a matter of discretion in the court below, and not revisable here.

For the errors we have referred to, the judgment is reversed and the cause remanded.