# Henry *et al.* v. Hall.

*Contest of Probate of Will.*

1. *Contest of a will; testamentary capacity.*—When, on a contest of the probate of a will, it is shown that the testatrix was a woman of good mind and of a self-reliant character, evidence that at the time of the execution of the will the testatrix was quite sick, and that after her recovery she stated that she did not remember anything that happened during that illness, is insufficient to prove a want of testamentary capacity.

2. *Confidential relations with testator leading to presumption of undue influence; burden of proof.*—The facts that the husband of one of the largest beneficiaries under the will, occupied confidential relations with the testatrix and attended to and managed her business for her, and was very active in the preparation and execution of the will, in that he employed an attorney to write the will, dictated the provisions of the instrument and then enjoined secrecy upon the attorney as to its contents and execution, raise up the presumption of undue influence, and cast upon said devisee the burden of showing that it was not induced by coercion or fraud on her part, either directly or indirectly.

[Henry *et al.* v. Hall.]

3. *Same.*—The fact that the father of one of the devisees of a will was present when it was signed and at the request of the testatrix took an active part in its preparation and execution, does not raise a presumption of undue influence, in the absence of proof that he occupied a confidential relation with the testatrix, or that she was dependent upon him in some way, or that he had some influence over her.

4. *Will partly valid and partly invalid.*—When the probate of a will is contested on the ground of undue influence, and the evidence shows that the will was, in part, the result of undue influence, and in part the act of the testator's own free will, the instrument is not wholly void; and the former provisions resulting from undue influence will be set aside as void, and the latter will be sustained as a valid devise by the testator.

5. *Undue influence; charge of court to jury.*—Where the probate of a will is contested on the ground that it was procured by the exercise of undue influence upon the testatrix, but there is no evidence that the beneficiaries under the will were personally active in the preparation and execution of the instrument, or that confidential relations, within the meaning of the law, existed between either of the beneficiaries and the testatrix, a charge that instructs the jury that if they "believe from the evidence that confidential relations existed between the testatrix and those to be benefitted under the will, and that the beneficiaries under the will were active in the preparation of of the alleged will and in procuring its formal execution, then the law presumes the exercise of undue influence by the beneficiaries under the will, and the burden is upon the proponent to show that undue influence was not exercised over the testatrix, and unless this presumption is removed by the proof, your verdict must be against the validity of the will," is abstract and properly refused.

6. *Unnatural will; question of fact to be determined by the jury in each particular case.*—The fact that in the devises or bequests of a will there is a discrimination between heirs of the same degree. or that there is an entire exclusion of a part or all of the heirs of the testator, does not necessarily make the will an unnatural testament; but whether a will or any of its bequests is unnatural or not is a question of fact to be determined by the jury from the facts and circumstances of each particular case.

7. *Same.*—The law does not undertake to prescribe or regulate the duties of a testator in the disposition of his property, and no presumption of testamentary incapacity or undue influence arises from the fact that the testator devised his property to strangers in blood to the exclusion of his next of kin, or that he did not dispose of his property as a jury might have supposed it should have been disposed of, or that a different disposition was made of it than would have been made by the law in the case he had died intestate, and neither of these facts imposes upon the proponent of the will, or the beneficiaries thereunder, the *onus* of giving some reasonable explanation of

the unnatural character of the will, or at least of showing that the will was not the offspring of mental defect, obliquity or perversion.

8.    *Undue influence; abstract charge.*—Where the probate of a will is contested on the ground of undue influence exercised upon the testatrix, and there is no evidence of the value of the devised estate, a charge to the jury which predicates its conclusions of undue influence upon the finding by the jury that the devisee named "received a large benefit under said alleged will," is abstract and properly refused.

9.    *Execution of will; age of testatrix.*—The fact that at the time of her death the testatrix was 55 years of age, does not authorize an unfavorable inference against the validity of her will upon the ground that she was "an old lady" when she executed her will; and a charge to the jury which authorizes such unfavorable inference is erroneous and properly refused.

10.    *Assignment of errors; not considered on appeal when not considered in appellant's argument.*—When the rulings of the trial court that are assigned as error are not discussed by counsel for appellant in his brief or argument, they will not be considered by this court on appeal.

11.    *Evidence; when objections to certain portions of a deposition not sufficiently specific, and not considered on appeal.*—Objections to certain parts of a deposition, which are not identified other than by a reference to the lines of the original deposition (as from line 12 to 21, &c.), are not sufficiently specific, and will not be considered on appeal, since the court has no means of identifying the objectionable parts of said deposition as copied in the transcript.

12.    *Same; general motion to exclude and general exception.*—When a motion to exclude testimony is general, and includes both legal and illegal evidence, and the exception to the ruling is general, going to the entire ruling, the trial court will not be put in error upon such ruling, and the exception reserved will not justify a reversal.

13.    *Probate of a will; competency of witnesses.*—In proceedings to probate a will, the estate of the testator is not interested, within the meaning of the statute as to the competency of witnesses to testify as to transactions with or statements by a deceased person, whose estate is interested in the result of the suit or proceeding against a decedent's estate, and all parties in interest are competent to testify to any fact which is relevant and material to the issue involved.

APPEAL from the Probate Court of Cleburne.

Heard before the Hon. S. P. BABER.

The proceedings in this case were had upon a petition filed in the probate court of Cleburne county by George W. Hall, to have the last will and testament of Mrs. Lucinda R. Jenkins probated. The appellants, as next of kin and heirs-at-law of the testatrix, con-

tested the probate of the will. Before entering upon the trial, the contestants moved the court to suppress the deposition of the witness Evans, as a whole, upon the following grounds: "1st. The answers of said witness are not responsive to the cross interrogatories. 2d. Said witness has failed entirely to answer questions contained in 3d cross interrogatory from lines 11 to 16, inclusive, on page 2d. 3d. Witness has failed entirely to answer questions in 5th cross interrogatory, from lines 12 to 21, inclusive, and also from lines 27 to 29, inclusive, of same cross interrogatory on page 3, and on lines 17 to 20, inclusive, on page 4 of same interrogatory. 4th. Said witness has failed entirely to answer first question in 6th cross interrogatory, and also the whole of said cross interrogatory contained on page 5. 5th. Said witness has failed entirely to answer the questions contained in lines 26 to 28, inclusive, of 7th cross interrogatory on page 5. 6th. The answers of said witness to the first question of the 9th cross interrogatory is not responsive to the question."

After the examination of the witnesses, the proponent moved the court to exclude from the jury the testimony of the contestants given by themselves as witnesses in their own behalf, in reference to statements made, and acts done, by the testatrix, on the ground that said witnesses being parties to the suit, were incompetent to testify as to transactions with, or statements by, the testatrix. The court sustained these several motions, excluded such portions of the said witnesses' testimony, and to each of said rulings the contestants separately excepted. The grounds of the contest and the other facts of the case are sufficiently stated in the opinion.

The contestants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each one of them: (1.) "The court charges the jury that they may look to the fact that the testatrix undertook in said alleged will to make an unlawful provision by the appointment of a guardian for James O B. Jenkins, without bond, in connection with the other facts in the case, to determine whether or not the testatrix, at the time of executing said alleged will had testamentary capacity." (2.) "If the jury believe from the evidence that the testatrix, after she recovered from the illness with which she was

afflicted at the time of the execution of said alleged will, could not remember what had occurred during her illness and when the same was executed, then they may look to this fact in connection with the other testimony in the case, in determining whether or not she had testamentary capacity at the time of its execution." (3.) "If the jury believe from the evidence that the testatrix, after recovering from the illness of which she was suffering at the time she executed the alleged will, could not remember what had taken place during her illness, then they will be authorized to find that she was mentally incompetent during her said illness to make a valid will." (4.) "If the jury believe from the evidence that confidential relations existed between the testatrix and those to be benefitted under the will, and that the beneficiaries under the will were active in the preparation of the alleged will and in procuring its formal execution, then the law presumes the exercise of undue influence by the beneficiaries under the will, and the burden is upon the proponent to show that undue influence was not exercised over the testatrix, and unless this presumption is removed by the proof, your verdict must be against the validity of the will." (5.) "If the jury believe from the evidence that George W. Hall, the husband of one of the beneficiaries under the alleged will, and G. B. Jenkins, the father of the other beneficiary under said alleged will, employed the draughtsman to write the will, and that they dictated the terms of the will, and that they enjoined secrecy upon the draughtsman as to the will being prepared, and that the said Hall and Jenkins, or either of them, called the witnesses to attest the execution of the will, and that said witnesses were called, and the alleged will executed at a late hour at night, then the law presumes the exercise of undue influence, and casts on the proponent the burden of overcoming this presumption, and unless the presumption is overcome by the proof, your verdict should be for the contestants." (6.) "If the jury believe from the evidence that George W. Hall, the husband of Dora Hall, one of the beneficiaries under the alleged will, and G. B. Jenkins, the father of James O. B. Jenkins, the other beneficiary under said alleged will, procured the draughtsman to write the will, and that they, or either of them, paid the draughts-

man for writing the will, and that they, or either
of them enjoined secrecy on the draughtsman in regard to
the will, and that they, or either of them, called the wit-'
nesses to attest the execution of the will, then the law
will presume the exercise of undue influence, and the
burden is upon the proponent to remove this pre-
sumption by the proof, and unless this presumption is
removed by the proof your verdict must be against
the validity of the will." (7.) "The court charges
the jury that if they believe from the testimony that
the alleged will is unnatural, that is that it disposes
of the testatrix's property to persons who are strangers
by blood to testatrix, and that said will was procured
to be written by persons standing in close confidential
relations to testatrix, and that such persons were active
in procuring the formal execution of the will, then
they would be authorized to find that the will was pro-
cured by undue influence and, therefore, void unless the
contrary is clearly shown by the proof." (8.) "If the
jury believe from the evidence that Geo. W. Hall, the
husband of one of the beneficiaries under said will, and
G. B. Jenkens, the father of James O. B. Jenkins. the
other beneficiary under the will, were active in procur-
ing the will to be written and formally executed, and if
they further find from the testimony that said will is an
unnatural testament, that is, that it bequeaths testatrix's
property to strangers in blood to testatrix, to the exclusion
of those of her own family and blood, these facts raise the
presumption of undue influence, and that the will is the
result of such influence, and the burden is upon the pro-
ponent to overcome this presumption by the proof, and
unless this is done, your verdict should be against the
validity of the will." (9.) "If the jury believe from
the evidence that the testatrix, at the time of the execu-
tion of the alleged will and prior thereto, resided with
the family of George W. Hall, the proponent, and hus-
band of Dora Hall, one of the beneficiaries under said
will, and that said Geo. W. Hall was active in procur-
ing the preparation and formal execution of the will,
then the law presumes the exercise of undue influence,
and the burden is upon proponent to remove this pre-
sumption by proof, and unless this presumption is re-
moved by the proof, your verdict must be in favor of
contestants." (10.) "If the jury believe the evidence in

[Henry *et al.* v. Hall.]

this case, they must find for the contestants." (11.) "If the jury believe from the evidence that Geo. W. Hall is the husband of one of the beneficiaries under the will, to-wit, Dora Hall, that said Geo. W. Hall managed and controlled the business of testatrix at the time of the execution of the alleged will and prior thereto, and that said Dora Hall received or is bequeathed a large benefit under said alleged will, and that said Geo. W. Hall was active in the preparation and formal execution of the will, the inference or presumption is that by improper acts or circumvention, by the exercise of some undue influence, the testatrix was induced to bestow the gift or legacy contrary to her desire and free will, and the burden of proof is cast on the proponent to show that the will was the result of her own volition, and not procured by fraud or undue influence, and unless this is shown by the evidence, your verdict must be against the validity of the will." (12.) "If the jury believe from the evidence that testatrix was an old lady, and very sick at the time of the execution of the alleged will, and that Geo. W. Hall is the husband of Dora Hall, and that G. B. Jenkins is the father of James O. B. Jenkins, and that Dora Hall and James O. B. Jenkins are the sole beneficiaries under said alleged will, and that said Geo. W. Hall and G. B. Jenkins were active in the preparation and formal execution of said alleged will, and that said Geo. W. Hall had been managing and controlling the business of the testatrix, then the law presumes the exercise of undue influence, and unless the presumption is removed by the proof, your verdict must be against the validity of the will." (13.) "If the jury believe from the evidence that the alleged will was procured to be written and formally executed by Geo. W. Hall and G. B. Jenkins, and that said Hall had been managing and controlling the business of testatrix, and was so doing at that time, and that the wife of said Hall is one of the principal beneficiaries under said will, and that the beneficiaries under the will were strangers in blood to testatrix, and that the brothers, sisters and mother of testatrix were excluded from sharing in her property, then the law presumes undue influence, and it will require the closest evidence on the part of the proponent to overcome this presumption, and unless so overcome by the proof, your verdict must be for contestants." (14.) "If

the jury believe from the evidence that Geo. W. Hall, the husband of one the beneficiaries under the alleged will propounded for probate, and G. B. Jenkins, the father of the other beneficiary under said alleged will, were active in procuring the will to be written, and that they, or either of them called in the witnesses to attest the will, and that it was executed at a late hour at night, after the brother of testatrix and his wife had left the house where testatrix was at that time, then the law presumes the exercise of undue influence upon testatrix, and the burden is on proponent to remove this presumption by proof, and unless this is done your verdict should be for the contestants.'' (15.) ''If the jury believe from the evidence that the mother and brother of testatrix were present at the house where the testatrix was, and where the will was executed on the evening of its execution, and its execution was delayed until a late hour at night, for the purpose of allowing testatrix's mother to retire for the night, and for her brother to leave for his home, and after they had so left the house, or retired for the night, the witnesses were called by proponent to attest the will, and the will was then executed at a late hour at night, after all testatrix's blood relations had left the house, or retired for the night, and all of testatrix's property by said will was given to strangers in blood, to the exclusion of her blood relations, this is a suspicious circumstance, and casts on proponent the burden of showing that the will is not the result of fraud or undue influence, and unless this is clearly shown by the proof, your verdict should be against the validity of the will.'' (16.) ''If the jury believe from the evidence that the will is unreasonable in its provisions and inconsistent with the duties of testatrix, with reference to her property and family or heirs-at-law, or that those who would share in a distribution of her property in case of intestacy, the law imposes on the proponent the duty of explaining the unnatural character of the will, or at least of showing that the will is not the offspring of mental defect, obliquity or perversion of mind, and unless this is shown by the proof, your verdict must be for contestants.'' (17.) ''The degree of undue influence which will invalidate a will depends upon the mental and physical vigor of the testatrix. One whose mind is impaired by ill health or bodily infirmity would natural-

[Henry *et al.* v. Hall.]

ly be more easily influenced by acts of deceit, fraud, or by being put in dread or fear of others, than one who is in vigorous health of body and mind. And the inquiry in this respect in this case is, was the testatrix, from infirmity of age or sickness, or other cause, constrained to act against her will in executing the paper writing propounded for probate as her will." (18.) "If the jury find from the evidence that the declarations of testatrix as to what she intended to do with her property, or what disposition she intended to make of her property, if they find she made any such declarations, were made before January 30th, 1891, when the law of descent and distribution was changed by the legislature of Alabama, then they may look to this fact, if it be a fact, in connection with the other testimony in the case, to determine whether or not, at the time of the execution of the will, she desired her property to be disposed of as provided by the said alleged will." (19.) "The court charges the jury that the doctrine that fraud is never presumed, does not apply to the contest of a will when contested on the ground of fraud, and it is shown that the persons procuring the will prepared and formally executed, stood in close confidential relations to the testator."

There were eighteen charges which were given by the court at the request of the proponent, and to the giving of each of which the contestants separately excepted; but the opinion of the court renders is unnecessary to set them out in detail.

In accordance with the verdict of the jury, the court rendered judgment in favor of the proponent, and ordered that the will offered for probate be admitted to probate, and that the same be duly filed and recorded in the probate office. The contestants appeal, and assign as error the several rulings of the trial court, to which exceptions were reserved.

MERRILL & BRIDGES, for appellant.—1. Where the party to be benefitted by the will has a controlling agency in procuring its formal execution, it is universally regarded as a very suspicious circumstance, and one requiring the fullest explanation; and in such case the *onus probandi* is on the proponent.—*Bancroft v. Otis*, 91 Ala. 279; *Lyons v. Campbell*, 88 Ala. 462; *Chandler v. Jost*, 96 Ala. 596; *Gay v. Gullilan*, 1 Amer. St. Rep. 712;

[Henry *et al.* v. Hall.]

*Harvey v. Sullens*, 2 Amer. Rep. 491; 1 Red. on Wills, 515, § 38, subdiv. 12, 14; 1 Jar. on Wills, 40–44.

2. When there is anything in the character of a will which renders it contrary to natural affection, or an undutiful testament, as when children or others entitled to the estate in case of intestacy are totally disinherited, or if not wholly deprived of a share, it is given in such unequal portions as to indicate that it was done without any just cause, and wholly dependent upon caprice, or over-persuasion or deception, it must always exercise apprehension of undue influence.—*Eastis v. Montgomery*, 95 Ala. 486; *Knox v. Knox*, 95 Ala. 495; *Gay v. Gullilan*, 1 Amer. St. Rep. 712; 1 Red. on Wills, 521., § 38, subdiv. 24.

3. Before a will is legally executed the attesting witnesses must subscribe their names, as such, at the request of the testator.—1 Amer. & Eng. Encyc. of Law, 938; 1 Rap. Law Dic. 96; Smith's Probate Law, 21; 1 Red. on Wills, 235-6, § 9.

4. In the contest of a will the issue is between living parties ; the estate of the deceased is not interested in proceedings, and the parties are competent witnesses to prove any fact which may be involved in the issue, whether there is a will or not.—*Kumpe v. Coons*, 63 Ala. 448.

5. When a will is contested on the ground of fraud and undue influence, much latitude should be allowed in the range of the testimony.—*Chandler v. Jost*, 96 Ala. 596.

AIKEN & BURTON, *contra.*—The objections by contestants to parts of the depositions of H. M. Evans, were properly overruled. Nothing is shown to justify the conclusion that the witness was seeking to evade a disclosure of facts within his knowledge.—*Buckley v. Cunningham*, 34 Ala. 69. The objections were too indefinite and general; they amounted to a general objection.—*Milton v. Rowland*, 11 Ala. 732; *Howard v. Coleman*, 36 Ala. 721; *Bullard v. Lambert*, 40 Ala. 204.

The oral charges given by the court, and the written charges asked for by the proponent and given by the court are all correct; and the written charges asked for by the contestants, and refused by the court, were properly refused, the same being faulty; and in support of

the oral charges, and those given at the request of the proponent, and which are in writing, and the charges requested by the court, all being set out in the bill of exceptions, proponent cites the following authorities:—
*Lyons v. Campbell,* 88 Ala. 462; *Bancroft v. Otis,* 91 Ala. 279; *Watson v. Turner,* 89 Ala. 220; *Eastis v. Montgomery,* 93 Ala. 293; *Knox v. Knox,* 95 Ala. 495; *Eastis v. Montgomery,* 95 Ala. 486; *Chandler v. Jost,* 96 Ala. 596; *Bulger v. Ross,* 98 Ala. 267; *Johnson v. Armstrong,* 97 Ala. 731; *Garrett v. Heflin,* 98 Ala. 615; *O'Donnell v. Rodiger,* 76 Ala. 222; *Daniel v. Hill,* 52 Ala. 430.

COLEMAN, J.—The appeal comes up from a contest of the probate of the will of Lucinda R. Jenkins. The grounds of contest were, fraud, undue influence, and mental incapacity. Decedent left no issue. The contestants were the brothers and sisters of testatrix, and the beneficiaries under the will were Dora Hall, wife of proponent, Geo. W. Hall, and James O. B. Jenkins, a youth about ten years of age, neither of whom were of blood kin to testatrix. The evidence shows, that testatrix raised Dora Hall from infancy, and that until her marriage and afterwards, until death of testatrix, they had lived together. The evidence shows that when James O. B. Jenkins, the other devisee, was about eight days old his mother died and a day or two before her death, she gave her infant to testatrix, who took him, and kept him until he was six or seven years old, and then sent the boy to his father, Green B. Jenkins. It is in evidence that she spoke of both as her children, and they always called her "Ma" or "Mama."

There is not a particle of evidence tending to show that testatrix, either before or after the execution of the will was wanting in a testamentary capacity, except the evidence that she was quite sick at the time of its execution, and a declaration, testified to by the wife of one of the contestants, that after her recovery and while on a visit to see them, she stated that "she could not remember what happened during her illness," and that it all "seemed like a dream." Otherwise, the evidence shows that she was a woman of good mind and of self-reliant character.

There is no evidence that either of the beneficiaries under the will in person, at any time by word or act,

did or attempted to exercise any influence over her as to the disposition of her property. In fact, we cannot well see how a mere boy, not exceeding ten years of age, who was not present, could control or influence the disposition of her property. The contest as to undue influence is rested upon the grounds; first, declarations of testatrix testified to by contestants, that she was not satisfied with the way Geo. W. Hall, husband of Dora Hall, managed her property, and that she did not want the Jenkins to have any of her property; second, the character of the disposition of her property, in that she gave it all to Dora Hall and James O. B. Jenkins and none to her heirs-at-law, and declarations to the effect, that the law was a good enough will for her; third, the confidential relations of Geo. W. Hall, and the active part of Hall, whose wife was a beneficiary, and that of Green B. Jenkins, father of the other legatee, in procuring the execution of the will. If the will was procured by undue influence, whether exercised directly by the beneficiaries, or others for them, the result would be the same.

That testatrix signed an instrument properly attested which purports to be her last will and testament is not an open question.

There is evidence by disinterested witnesses of repeated declarations on her part, to the effect, that she intended "Dora and Jimmie" to have her property. There is evidence also by her attending physician and other disinterested witnesses that her mental condition was good at the time the instrument was executed, and none to the contrary except the fact of her illness and declarations alleged to have been made after her recovery. The evidence tends to show that Geo. W. Hall, the husband of Dora, with whom testatrix resided, attended to and managed her business for her. It also shows that he and Green B. Jenkins employed an attorney to write the will, and dictated its provisions to the attorney, and enjoined secrecy upon him as to its contents and execution. Although there was no devise or bequest to Geo. W. Hall, being the husband of Dora Hall, we are of opinion the facts of the case bring the devises or bequests to Dora Hall under the influence of the principle declared in *Bancroft v. Otis*, 91 Ala. 279; and "raise up a presumption of undue influence and cast the burden upon her of

showing that it was not induced by coercion or fraud on her part, directly or indirectly.''

We are of opinion that the facts do not raise the same presumption as to James O. B. Jenkins. His father, Green B. Jenkins, it is true, was present when the will was signed, and there is evidence tending to show that he participated with Geo. W. Hall in all matters relating to its preparation and execution. There is an utter absence of evidence tending to show that testatrix was dependent on him, or that he had any influence with or over her, or that he ever advised or consulted with her in business matters, or held or occupied a confidential relation or one of influence towards her in any respect. The presumption of undue influence does not arise from the mere fact of taking an active part in procuring the execution of a will. A presumption of fraud or deceit may arise, when the writer of the will, takes a legacy under it, but not of undue influence. Such conduct or participation to create a presumption of undue influence must be coupled with a benefit under the will and evidence of confidential relations, or dependency, or some position or fact which tends to show that the party was able to exercise an undue influence, if he desired to do so. There is no evidence in this record which tends to place Green B. Jenkins in this relation towards the testatrix. She had brothers and sisters living in the same village with her and near by. Green B. Jenkins lived in a different State, and was by no means a frequent visitor. His testimony is, that he was requested by testatrix to have her will written, that she gave him instructions as to how it should be prepared, and requested him to ask the attorney who wrote it, to make no mention of the matter to any one, giving her reasons at the time, and that he simply followed her instructions in all respects. It is proven beyond all question, that the will was read over to her, and that she expressed her entire satisfaction with its provisions.—*Lyons v. Campbell*, 88 Ala. 469 ; *Garrett v. Heflin*, 98 Ala. 615, 618 ; *Daniel v. Hill*, 52 Ala. 430. So far as James O. B. Jenkins is concerned, the evidence, without conflict and without any contrary legal presumptions, shows that the influence exercised in his interest was purely from affection for him, and the court would not have erred in so instructing the jury, upon written request. Geo. W. Hall offered evi-

[Henry *et al.* v. Hall.]

dence tending to overcome the presumption of undue influence which rested on him. Where the evidence shows, that the will, in part, was the effect or result of undue influence, and in part, the act of the testator's own free will, the will is not wholly void. The latter must stand, although annulled as to the former.—*Eastis v. Montgomery*, 93 Ala. 299; *Lyons v. Campbell*, 88 Ala. 462; *Florey v. Florey*, 24 Ala. 248.

With these principles settled we will proceed to consider the instructions for the jury, given and refused by the court upon which appellants have assigned errors, and which are discussed in the written arguments and briefs of counsel. Errors assigned in civil cases which counsel do not consider of sufficient importance to receive consideration by them, and there are many of this description in this case, will be regarded by us also as unimportant. The errors in relation to the instructions insisted upon in argument are those which refer, 1st, to the declarations of testatrix made after her recovery in regard to her mental condition during her sickness when the instrument was executed, and, 2d, those based upon the evidence which refer to the action and conduct of Geo. W. Hall and Green B. Jenkins in procuring the execution of the will; and 3rd, those based upon the alleged unnatural character of the will.

Refused charges Nos. 2 and 3, relate to the first proposition. The entire evidence under this proposition, that admitted and that excluded, was given by W. J. Henry, a brother, Z. E. A. Henry, who we infer was his wife, and is as follows: W. J. Henry: "She said she did not remember much that occured during her sickness, and that everything seemed like a dream." Mrs. E. A. Henry: "She made us a visit about a month or more after her sickness. She said that she could not remember nothing during her sickness clearly. That everything seemed like a dream to her, and said she had not been fit to attend to business of any kind for the past twelve months. Yes, she said she could not recollect nothing, that was said during her sickness. She said she did not get the attention she should have had while sick, and that everything seemed like a dream while sick. She remembered me being there during her sickness." The charges (2 and 3) single out a fact and give it undue prominence. Such charges are misleading and

argumentative, and in refusing them the court did not commit a reversible error. The declarations which were made a month afterwards, if competent for any purpose did not justify the inference, that at the time of the execution of the will, she did not have testamentary capacity, as asserted in the second charge; nor would these facts, when considered in connection with all the evidence, justify a finding of testamentary incapacity. These witnesses testify that, on the night and just before the will was signed, testatrix noticed, that Hall and Jenkins were absent. She enquired where they were, and remarked that they were staying out late. They testify that she requested them to stay all night, and not one of them gives evidence of any fact, which in any manner indicates that at that time, she was not competent to make a will. The court would have been fully justified, under the evidence, in instructing the jury that testatrix possessed testamentary capacity. The only questions open for discussion are of fraud and undue influence.

Charge 4 is abstract. There is no evidence that the beneficiaries under the will, and especially as to James O. B. Jenkins, personally were active in the preparation and procuring the execution of the will, and that confidential relations, in the meaning of the law, existed between him, or either beneficiary, and testatrix.

Charges 5 and 6, are objectionable in this: they demand a verdict against the validity of the will, upon the facts predicated, without reference to the explanatory evidence. Although the facts predicated in these charges may be true, yet if the jury believe from the evidence, that Green B. Jenkins in all he did, acted under the free and voluntary instructions of testatrix, the facts predicated in these charges would not justify a conclusion adverse to the validity of the will. This principle was declared in the cases of *Eastis v. Montgomery*, 95 Ala. 486, 493; *Bancroft v. Otis*, 91 Ala. 290. These charges also ignored another principle of law, well settled, and that is, that a will may be valid in part and invalid in part. The proof fails to establish confidential relations or such relations between Green B. Jenkins and testatrix, as to raise a presumption of undue influence as to him upon the facts predicated, whatever may be true as to

Geo. W. Hall. Charge 9 is especially faulty in this respect.

Charges 7 and 8 are not only subject to the same criticism, but are faulty in its definition of an "unnatural will." A will is not necessarily unnatural because of a discrimination between heirs of the same degree, or because of the entire exclusion of a part or all of them. The circumstances of the case must determine the naturalness of a donation or bequest. It cannot be said as a matter of law, that affection for one, though not of kin, raised from infancy by the donor and who has always been a member of the family of the donor, is unnatural or that a gift or bequest to such a person is unnatural. It is a question of fact for the jury. These questions were fully considered in *Burney v. Torrey*, 100 Ala. 157; *Eastis v. Montgomery*, 95 Ala. 486, *supra*.

Charge 11 is not only infected with the infirmity which pervades charges 5 and 6, but abstract in the predicate that Dora Hall received a "large benefit" under the will. There is no evidence of the value of the estate in the record.

The evidence shows that testatrix was fifty-five years old at the time of her death. Her age would not authorize the jury to draw any unfavorable inference against the validity of the will upon the ground that she was "an old lady." Charge 12 was faulty in this respect, in addition to the objection that it ignores explanatory evidence, and subjects James O. B. Jenkins to the presumptions of law, which arise from the confidential relations of Geo. W. Hall to testatrix.

Charges 13, 14 and 15 are subject to criticism applied to other charges. Fifteen is also argumentative. It is no part of the province of a jury to determine the duty of a testator to his next of kin, and no presumptions of incapacity or undue influence arise from the mere fact, that a testator has not disposed of his or her property, as a jury might suppose it should have been disposed of, or that a different disposition was made of it, than made by the law, in cases of intestacy. These are mere circumstances to be weighed with other evidence.

There was no error in refusing charge 16.—*Knox v. Knox*, 95 Ala. 495; *Eastis v. Montgomery*, 95 Ala. 486, *supra; Burney v. Torrey*, 100 Ala. 157, *supra*.

Charge 17 is argumentative and in some respects ab-

stract. What we have said in reference to some other charges applies to No. 18. No. 19 is confused, abstract in some respects and erroneous in principle.

Charges given for proponent have not been discussed in argument for appellant, and we will not consider them.

There was no error in overruling the motion to suppress the deposition of the witness Evans, as a whole. The motion was not sustained by the facts. Objection to certain parts of a deposition, which are not identified further than by a reference to lines 12 to 21, and 27 to 29 of the original deposition, cannot be considered. We have no means of identifying the objectionable part in the transcript of appeal. There is no merit in any assignment of error based upon the ruling of the court upon questions of evidence except that contained in the 24th assignment of error. The declarations of testatrix testified to by John A. Henry, according to the date given by him, were made in April, 1891, and were prior in time to the execution of the will. These statements were admissible in evidence, and if the motion to exclude had applied to these statements alone, the action of the court in excluding them might have constituted a reversible error; but the motion included also the statements testified to by G. W. J. Henry, some of which were made some time after the execution of the will, such as "she did not remember much about her sickness," "it seemed like a dream," and were no part of the *res gestae*. In the case of *Roberts v. Trawick*, 13 Ala. 68, it was held that such statements were not admissible. This rule was subsequently recognized or followed in the following cases: *Roberts v. Trawick* 17 Ala. 55; *Gilbert v. Gilbert*, 22 Ala. 529; *Seals v. Chambliss*, 35 Ala. 22; and the principle is sustained by the following authorities: *Smith v. Fenner*, 1 Gallison Rep. 170; *Iddings v. Iddings*, 7 Serg. & Rawls, 111; 2 Gr. Ev. § 690. The motion to exclude was general and included both legal and illegal evidence, and the exception embraced both that which was legal as well as the illegal. We will not put the court in error upon a motion and an exception to the ruling of the court, either in admitting or excluding evidence, a part of which is legal and a portion illegal, when the exception goes to the entire ruling of the court. The grounds upon which the motion to exclude

[Henry *et al.* v. Hall.]

the evidence was based, were not well taken, as has been stated, but the action of the court can be sustained upon those stated by us. Notwithstanding the witness John A. Henry fixes April as the time when these declarations were made, judging from their character and the other facts in the case, we are of opinion they were really made after the execution of the will.

The estate of a decedent is not interested, within the meaning of the law, in proceedings to probate a will. The estate remains the same whether the will be probated or not. All parties in interest are competent to testify to any fact which is relevant and material to the issue. This is the rule declared in *Kumpe v. Coons*, 63 Ala. 448, and the amendments to the statute have not changed the rule in this respect.—Acts of 1890-91, p. 557; Code of 1886, § 2765. It is clear upon the whole testimony, that the admission of this evidence ought not to have changed the result of the contest. The evidence clearly established that the testatrix had testamentary capacity and the execution of the will is in legal form. The evidence of disinterested witnesses shows that testatrix was strongly attached to those whom she had raised from infancy, and often expressed a desire that they should succeed to her property. The only evidence which can be said in any manner to conflict with such intention or desire on her part, is the declaration testified to by those interested as legal heirs, "that she had done enough for the Jenkinses, and that the law was a good enough will for her." The only evidence of undue influence is the declaration that she was not satisfied with the way Hall managed her property, and presumption of law arising from the confidential relation of Geo. W. Hall to testatrix, and the part taken by him and Green B. Jenkins, in having the will written, and in procuring its execution. In this matter, both testify that they simply obeyed her instructions. The attesting witnesses testify that she had the will read over to her in their presence, and that she expressed her entire satisfaction with it. Her attending physician swears her mind was good, and there were facts which show she was capable of making a will, and there is no witness who testifies otherwise as to her testamentary capacity, at the time of the execution of the will.

In view of all these facts, we are of opinion the case ought to be affirmed.