LYON v. DADA.

WILLS—REVOCATION CLAUSE IN VOID WILL.
> Where probate of a will is denied on the ground of undue influence, a clause therein expressly revoking all former wills becomes ineffectual, and a prior will may be admitted to probate.

Error to Berrien; Coolidge, J. Submitted January 9, 1901. Decided July 10, 1901.

William R. Lyon presented for probate the last will and testament of Laura E. Dada, deceased. The will was allowed in the probate court, and Percy A. Dada, an infant, by Warner M. Baldwin, his guardian, appealed to the circuit, where probate was refused. Proponent brings error. Reversed.

*William R. Lyon* (*Edward Bacon*, of counsel), *in pro. per.*

*M. L. Howell*, for appellee.

MONTGOMERY, C. J. This is an appeal from an order of the circuit court refusing probate to the will of Laura E. Dada, deceased. A will of later date was offered for probate, and the decision denying probate to this will was affirmed by this court in *Lyon* v. *Dada*, 111 Mich. 340 (69 N. W. 654). That later purported will contained a clause revoking all former wills. The question presented by this appeal is whether denial of probate to this will is *res adjudicata* upon the question of whether it revokes the former will.

This question was before the court of Massachusetts in the early case of *Laughton* v. *Atkins*, 1 Pick. 535, where the subject is treated in an able and exhaustive opinion by Parker, C. J. The principles to be extracted from that case

are that all persons interested in an estate are parties to the probate proceedings, and bound by them, and that the disallowance of a will *in toto* on the ground of undue influence amounts to a determination that the revocatory clause is ineffectual. This case was cited and followed in *Rudy* v. *Ulrich*, 69 Pa. St. 177 (8 Am. Rep. 238), and is cited and approved in *Wallis* v. *Wallis*, 114 Mass. 512. In the present case it was determined on the former issue that the entire will was void on the ground of undue influence. There was no attempt to probate any part of the will, nor was the determination confined to any single clause of the will. We think the case is within the principle of those cited. See, also, *Dudley* v. *Gates*, 124 Mich. 440 (83 N. W. 97).

The judgment of the circuit court will be reversed, and an order entered admitting the will to probate. The appellant will be entitled to recover his costs, to be paid out of the estate.

MOORE, LONG, and GRANT, JJ., concurred. HOOKER, J., did not sit.