## DENNIS J. O'BRION,

### Appellant from Decree of Judge of Probate.

### Cumberland.   Opinion November 5, 1921.

*A will may be void in part and valid in part.   A valid will stands unless superseded by a later will, or changed by codicil or writing, or revoked by burning, cancellation, tearing or destruction.   An alleged will, the existence of which is due to undue and improper influence, hence not a valid will, carries such incurable infirmity during its existence, and cannot be offered in evidence as a revocatory document.*

A will may be contested in whole or in part, and it may be void in part and otherwise valid.

In proceedings for the probate of a will, a writing purporting to be a later will, but then already totally disallowed, cannot properly be offered in evidence as a revocatory document. It matters not that a beneficiary under the earlier instrument, in seeking for himself a greater bequest than it contains, procured the making of the later one by the exerting of an undue and improper influence.

On exceptions. A document purporting to be the will of Hannah O'Brion, dated in 1916, was disallowed by the presiding Justice in the Supreme Court of Probate, on the ground of undue influence. Testatrix had made an earlier will in 1912, and a codicil thereto in 1914, both of which were in existence at the time of her decease, which were brought forward after the disallowance of the will made in

1916, as her will, and both were allowed by the Justice presiding in the Supreme Court of Probate, to which ruling contestant excepted. Exceptions overruled.

Case is fully stated in the opinion.

*William A. Connellan,* for contestant.

*Henry Cleaves Sullivan, and Francis W. Sullivan,* for proponent.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, DEASY, JJ.

DUNN, J.    An instrument legally executed as and for a will shall stand until the maker make another valid will, or he make a lawful codicil or writing, or he otherwise effectually revoke it by an intentional burning, cancellation, tearing or destruction, performed either personally or by a proxy acting under his direction in his presence.    So is the statute with regard to the express revocation of a will.    R. S., Chap. 79, Sec. 3.

When Mrs. O'Brion of Portland died a document purporting to be her will was filed for proof and establishment.    Notwithstanding it apparently conformed with scrupulous care to all essential statutory requisites, yet the courts, both of first instance and appellate, denied the instrument probate; the latter court finding that, although Mrs. O'Brion was of testamentary capacity, still she never designed to make the will; that the document was in truth and fact the will of another person executed by her hand; that it was not her own voluntary act, but that it was her act procured by the undue and improper influence of a son of hers called Dennis.

Then another instrument, bearing date some four years earlier than the impeached one, together with a codicil about two years older than the paper which it modified or qualified, were brought forward as her will.    Disallowance followed by the Probate Court. On appeal, the Supreme Court of Probate, holding the testatrix mentally competent and the instruments expressive of her will to accord with the requirements of the statute of wills, allowed them accordingly.    A contesting child of the testatrix has exceptions. The exceptions have no merit.    And this, regardless of the fact that he who procured the making of what was disallowed as a will, is a beneficiary under the proved and allowed one.

It seems to be generally held by the courts in other states that a will may be contested in whole or in part, and that it may be void

in part and otherwise valid. *Rudy* v. *Ulrich*, 69 Pa. St., 177; *Sumner* v. *Staton*, (No. Car.), 65 S. E., 902; *Harrison's Appeal*, 48 Conn., 202; *Rockwell's Appeal*, 54 Conn., 119; *Riggs* v. *Palmer*, 115 N. Y., 506; *Eastis* v. *Montgomery*, 93 Ala., 293, 9 So. 311; *Henry* v. *Hall*, 106 Ala., 84, 17 So., 187. Decisions in Massachusetts, writes Chief Justice Knowlton, "assume or imply that this is the law." *Old Colony Trust Company* v. *Bailey*, 202 Mass., 283. Our own court has said that a will is revocable in whole or in part by cancellation or obliteration. *Townshend* v. *Howard*, 86 Maine, 285. The contest of the purporting subsequent will of Mrs. O'Brion went to the whole instrument, dispositive portion and all, and was entirely successful. The defeat of that will, if for verbal convenience it may be styled a will, did not operate to revive the earlier will and codicil. They did not need to be revived. They were and are still living. For, once a will be legally made, it survives until legally revoked. The second will, the discredited document, never had had a legitimate making. And never having had the distinction of bespeaking the mind and heart of her whose will it spuriously pretended to be, it is an outcast in the judicial courts with no recognizable rights, least of all the right of having its revocatory clauses controlling; because primarily lacking the intention of the testatrix of revoking what she had done before; at the most, it is but an unauthorized ineffectual attempt at a revocation. *Laughton* v. *Atkins*, 1 Pick., 535-546; *Lyon* v. *Dada*, (Mich.), 86 N. W., 946; *Rudy* v. *Ulrich*, supra; *O'Neall* v. *Farr*, 1 Rich., (So. Car.), 80. A peculiarly illustrative analogous case in our own reports, having to do with the inefficacy of a testator's destruction of his will as the result of the exercise of undue influence upon his mind, is that of *Rich* v. *Gilkey*, 73 Maine, 595. There, in salient passages of special strength and beauty, the effect of the exercise of an undue influence on a testator's mind is instructively discussed. Says the opinion, by way of instance, "A man makes a legal will. But . . . . if he is induced by undue influences to attempt a revocation, the codicil is of no avail, and the will stands unrevoked." The opinion in *Rich* v. *Gilkey* is one that can be read again, and again, and at every reading its charm and its cogency grow upon the reader.

Concerning the present case, nothing need be added to what already has been said, except to direct the making of the entry of

*Exceptions overruled.*