RANALD W. MORT ET AL., RESPONDENTS, v. TRUSTEES OF BAKER UNIVERSITY ET AL., APPELLANTS.—78 S. W. (2d) 498.

Kansas City Court of Appeals. January 7, 1935.

*Rieger & Rieger* and *Dudley & Brandom* for respondents.

*D. E. Adams* for appellants.

BLAND, J.—This is a proceeding to contest a will. The case was tried before the court without the aid of a jury, resulting in a judgment in favor of plaintiffs. Defendants have appealed.

Plaintiffs, who reside in the State of Washington, are the heirs at law of one Arthur F. Brown, who died in Caldwell County on March 31, 1932, leaving real and personal property in this State. Two wills duly executed by the deceased were probated in the Probate Court of Caldwell County. The will first executed by him (hereinafter referred to as the first will) reads as follows:

"I, Arthur F. Brown, of Hamilton Township, in Caldwell County and State of Missouri, do hereby make, publish and declare the following to be my last will and testament, hereby revoking all former wills by me made.

"First, I direct that all my just debts be paid, including the expenses of my last illness and funeral expenses and making the final lettering on the monument in our cemetery, and also including the expenses of admistering of my estate in the Probate Court.

"Second. All the remainder of my estate, I hereby devise and bequeath to the Trustees of Baker University, Baldwin, Kansas, to be placed in Trust in the Cameron Trust Company of Cameron, Missouri, as provided by Trust Agreement to be made by and between said Trust Company and said University and myself, which trust agreement shall be executed in triplicate, one copy filed with said Trust Company, and with said University and the other retained by me.

"Third. I hereby nominate, constitute and appoint my friend, True D. Parr, of Hamilton, Missouri, as executor of this my last Will and Testament.

"In witness Whereof, I have hereunto signed my name this eighth day of September, 1930.

"ARTHUR F. BROWN."

634

It does not appear whether the trust agreement mentioned in paragraph 2 of the will was ever executed.

The other will (hereinafter referred to as the second will) which was executed on March 30, 1932, reads as follows:

"I, Arthur F. Brown, of Caldwell County, Missouri, being of sound and disposing mind and memory, do hereby make this my last will and testament.

"I hereby appoint True D. Parr as executor of this my last will and testament and in the event of his inability to serve as said executor, then I appoint Frank L. Bowman, to serve in his stead.

"I desire all my debts to be paid as soon as convenient, including the expenses of administering my estate.

"It is my wish that the remainder of my personal estate and all my real estate be given to the Rural Schools of Caldwell County, Missouri, to be loaned and the interest used for school purposes.

"ARTHUR F. BROWN."

The second will was probated on April 4, 1933, and, at the March term of the Circuit Court of Caldwell County, a petition was filed by the executor apointed under that will for the purpose of having construed the last paragraph thereof. Plaintiffs in the present proceeding, together with the Attorney-General of the State of Missouri, were made defendants in that action. The court rendered judgment holding that the clause in the will reading: "It is my wish that the remainder of my personal estate and all of my real estate be given to the Rural Schools of Caldwell County, Missouri, to be loaned and the interest used for school purposes," to be "void and inoperative because of the uncertainty and indefiniteness of the taker and beneficiary named therein, to-wit: the 'Rural Schools of Caldwell County, Missouri,' there being no such schools known or described in the laws of Missouri. Said will is further construed that, so far as the will in question is concerned, the testator died intestate, except as to the appointment of an executor and the directions in said will for the executor to pay the debts and expenses of the testator."

After this decree was rendered and, on April 4, 1933, the first will, dated September 8, 1930, was probated in the Probate Court of Caldwell County. Thereafter, this suit was brought to have the said first will declared not to be the last will and testament, or any part thereof, of said deceased, for the reason that it was revoked by the second will. Of the parties joined as defendants, the executor and the trustees of the Baker University, only, filed an answer. This was a joint answer and alleged that the two wills with the clause, declared inoperative for lack of certainty, eliminated, constituted the last will and testament of the deceased. The reply consisted of a general denial. The court rendered judgment that the first will was not the last will and testament, or any part of the last will and

testament, of the deceased, for the reason that the same was revoked by the second will and that the second will, as interpreted by the judgment and decision of the circuit court at the March, 1933, term, was and is the last will and testament of deceased. The trustees of Baker University and the executor have appealed.

It is insisted by the appellants that the two instruments, with the clause in the second will leaving the estate, after the payment of deceased's debts, to the Rural Schools of Caldwell County, etc., eliminated, should be declared the last will and testament of the deceased. Appellants rely on the well settled principle that where two or more wills executed at different times are found in the possessions of the testator at his death, the provisions of the later will will prevail over those of the first only so far as they are inconsistent and irreconcilable therewith; that every effort should be made to reconcile the several parts of the wills; that the disposition of the later will should only be permitted to overcome that in the first so far as seems consistent with the whole intention of the testator; that a revocation by implication is not favored. [See Neibling v. Methodist O. H. Assn., 315 Mo. 578; 1 Underwood on Wills, sec. 251.]

Section 520, Revised Statutes 1929, reads as follows:

"No will in writing, except in the cases herein mentioned, nor any part thereof, shall be revoked, except by a subsequent will, in writing, or by burning, canceling, tearing or obliterating the same, by the testator, or in his presence, and by his consent and direction."

It is well settled that a will may be revoked by a later will, not only by express terms but by implication; that the first will is revoked by implication if the later instrument makes disposition of the property inconsistent with the terms of the former will or uses language from which it is clear that the intention of the testator was that such will should no longer continue to be a valid one; that a second will inconsistent with the first, perfect in execution and disposing of testator's entire estate, revokes the first will. [See Neibling v. Methodist O. H. Assn., supra; Wickliffe v. Wickliffe, 206 Mo. App. 42; 28 R. C. L. 174, 175.] There can be no question but that, had the clause of the second will giving the property of deceased to the Rural Schools of Caldwell County, etc., been valid, that will would have worked a complete revocation of the first will because the second will disposes of the entire estate of deceased and in a manner inconsistent with the disposition of the property made in the first will.

It is admitted by the parties hereto that the judgment that the court rendered in the case, brought by the executor against the heirs of the deceased and the Attorney-General in the Circuit Court of Caldwell County at the March, 1933, term thereof, properly construed the second will. Therefore, the clause in that will in favor

of the Rural Schools of Caldwell County should be considered as void and as not disposing of any part of the estate of the deceased.

Now that the clause giving the property to the Rural Schools of Caldwell County has been eliminated from the second will, the question to be determined is whether we can arrive at the intention of the testator from what remains of the two wills.

There are a number of cases construing the effect of a void or inoperative bequest in a second will as being effective as a revocation of an inconsistent bequest in the first one. But the courts, by no means, agree upon such effect. However, it is universally agreed that where the second will is invalid on account of not being executed in accordance with the provisions of the statute, or where the testator has not sufficient mental capacity to make a will or the will is procured through undue influence, or the such, in other words, where the second will is really no will, it does not revoke the first will or effect it in any manner. [Sec. 405, Schouler on Wills (5 Ed.); Lyon v. Dada, 127 Mich. 395; 68 C. J., pp. 806, 807; 28 R. C. L., p. 174.]

"Notwithstanding that an invalid will does not operate to revoke by implication a prior valid will, a majority of the courts hold that a second will inconsistent with the first, perfect in its form and execution, but incapable of operating as a will on account of some circumstance *dehors* the instrument, may nevertheless be set up as a revocation of the first.

"In other words the doctrine that an instrument which is intended to be a disposing will, and not merely a revoking will, cannot take effect as a revocation of an earlier will, if it is itself inoperative to dispose of property, must be taken with the qualification that, if rendered inoperative by extrinsic circumstances, it may revoke a former will, as where the later will is properly executed and attested so as to pass real estate, but is prevented from operating by reason of the incapacity of the devisee, or other matters *dehors* the will. Such rule is thought to carry out the intention of the testator, for the second instrument, though ineffective as a disposition of property, nevertheless, is an indication of a change in the testator's mind with respect to those to whom he wishes his property to go, and leaves the impression that he does not desire those named in the first instrument to receive it.

"The rule in regard to revocation existing from inconsistent dispositions is that where the second devise fails by reason of a defective execution of the second will, there is no revocation; but if the second fails for want of capacity in the devisee to take, the prior devise is revoked, as where the gift is in violation of a statute rendering gifts to charities invalid, where given by a will executed within a specified time before the testator's death, or because the devisee is forbidden by law from receiving devises.

"The courts are, however, divided on this point; and a number of authorities hold that if the inconsistent dispositive clauses of the second will cannot take effect, for some reason *dehors* the instrument, the previous disposition is not revoked by implication." [51 A. L. R., pp. 675, 676, 677.]

In pursuance of the cardinal rule for the construction of wills, that is, that the testator's intention must be ascertained, if possible, from the four corners of the instrument, as declared by the cases, as well as our statutes, Section 567, Revised Statutes 1929, we must arrive at testator's intention in this instance from an examination of the two instruments, speaking from the time of his death. In so doing, we are of the opinion that although the bequest to the Rural Schools of Caldwell County, etc., is void, not because it is contrary to any statute or in violation of public policy, but because of the uncertainty as to the beneficiary intended, it is impossible to arrive at the conclusion that the testator intended that his property should go to the trustees of Baker University in case it should be held that the provision in the second will for the benefit of the Rural Schools of Caldwell County should be declared invalid. It is impossible for anyone to know what was testator's intention in such event. It is possible that it was his intention in executing the second will to make a new disposition of the property and cause a revocation of the old for that purpose, alone. On the other hand, it is possible that the new disposition was the result of a predetermination to revoke the old. The heirs at law cannot be disinherited upon a mere guess. [Coleman v. Haworth, 8 S. W. (2d) 931.] On the principle, and the underlying reasons therefor, that where the second will is properly and legally executed, though it be prevented from operating by the incapacity of the devisee or any other matter *dehors* the will, the former will is nevertheless revoked by it, we are of the opinion that the former will in this case was revoked by the later one. [See Price v. Maxwell, 28 Pa. 23, 39; Teaele's Estate, 153 Pa. 219; Read v. Manning, 30 Miss. 308; Hariston v. Hariston, 30 Miss. 276; Wheat v. Lacals, 139 Miss. 300.]

We have examined appellants' cases and find that no Missouri case cited by them aid them in any manner. There is no Missouri case directly in point. The case of Sevier v. Woodson, 205 Mo. 202, did not involve a situation at all similar to the one now before us. It had nothing to do with the question of revocation of wills and it is of no aid to the appellants.

From what we have said the judgment should be affirmed and it is so ordered. All concur.