HARVARD LAW SCHOOL LIBRA 30 411 108 381

WOODCOCK AND WIFE vs. McDONALD.

[BILL IN EQUITY BY HEIRS-AT-LAW TO SET ASIDE PROBATE OF WILL.]

1. *Attestation of will.*—Under the act of 1806, (Clay's Digest, 596, § 1,) requiring three subscribing witnesses to a will of realty, it is not necessary that the testator should sign the will in the presence of the witnesses, nor that they should subscribe their names in the presence of each other.
2. *Election by legatee or heir-at-law.*—When an heir-at-law or legatee has received a legacy under the will, he should, *it seems,* either restore or offer to restore it to the executor, before instituting proceedings in chancery to set aside the probate.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellants, as heirs-at-law of Alexander Mims, deceased, to set aside the probate of their ancestor's will, which was dated January 20, 1845, and was admitted to probate on the 20th July, 1845. In accordance with the prayer of the bill, an issue was sub-

mitted to a jury, who returned a verdict in favor of the validity of the will. The chancellor refused to grant another trial, and dismissed the bill; and his decree in these particulars, together with the rulings of the circuit court on the trial of the issue, to which exceptions were reserved, is now assigned as error.

GEO. N. STEWART, for the appellant.—1. That an issue at law is a matter of right in the heir, see 12 Ala. 694. But the verdict is not conclusive, and the court must still decide on the sufficiency of the proof.—3 Porter, 62 ; 11 Wendell, 227 ; 11 Ala. 894 ; 2 Dan. Ch. Pr. 1019.

2. The proof is not sufficient to establish the will in a case like this. More proof is required in a will, than in a deed.—3 P. W. 93. As to what is meant by attestation, see 3 Mass. 236, 330 ; 2 Paige, 147 ; 19 Barbour, 448 ; 1 B. Monroe, 117 ; 10 Paige, 90 ; 3 Porter, 66.

3. Proof of acknowledgment is not sufficient to satisfy the statute.—2 Harr. (N. J.) 86 ; 7 Halst. 70 ; 11 Grattan, 220, 244, 250.

4. In cases like this, the law does not presume in favor of the will, but every necessary fact must be proved.— 12 Ala. 687 ; 1 Eng. Ecc. R. 273, 442 ; 1 Lomax on Executors, 104, § 7.

5. Each witness must be able to prove the will in all its material requirements.—6 Serg. & R. 47 ; 1 Randolph, 131, 141 ; 1 Mass. 258 ; 13 Barbour, 17.

6. A will can never be established on the oath of a single witness.—6 Randolph, 234 ; 1 Dallas, 278.

P. HAMILTON, contra.—A motion for a new trial, in cases like this, must be addressed to the chancellor.— 2 Dan. Ch. Pr. 1306 ; 2 Paige, 482 ; 1 Hill's Ch. 443 ; 1 Hoff. Ch. Pr. 513. A new trial is not a matter of right in the heir.—5 Johns. Ch. 154 ; 12 Simons, 28. Generally, the verdict will not be disturbed, if the presiding judge report that he is satisfied.—3 My. & K. 353. The object of the issue is simply to satisfy the conscience of the chancellor; and if he thinks that substantial justice has been done, he will not disturb the verdict.—2 Dan.

Ch. 1311; 1 Hoff. Ch. Pr. 514; 1 Greene's Ch. R. 154; 2 Paige, 482; 1 Sim. & Stu. 150; 1 Turner & Russ. 138; 15 Vesey, 503; 11 ib. 52; 1 Edw. 17; 8 Dana, 207; 1 Turner, 178.

2. The proof of execution and attestation satisfies all the requisitions of the statute.—1 Jarman on Wills, 214; 1 Lomax on Executors, 25–33; 1 Metcalf, 349; 10 ib. 55; 17 Pick. 373; 6 Bing. 310; 7 ib. 457; 1 Cromp. & Mees. 140; 4 Kent's Com. 513–16; 3 Burr. 1775; Hoffman v. Hoffman, 26 Ala. 546.

3. The plaintiffs, having received their legacy under the will, thereby elected to confirm it, and are bound by that election.—17 Pick. 303; 2 Gill, 283; 2 Rawle, 168; 1 Dev. & Bat. Eq. 634; 7 Beavan, 93; 1 Riley's Ch. R. 205.

STONE, J.—The will in this case was attested by three subscribing witnesses; and the question is here made, that the attestation is insufficient under the act of 1806. Clay's Digest, 596, § 1.

One of the witnesses testifies, that he saw the testator subscribe the paper in controversy as his last will and testament; and that he, the witness, then and there, at the request, and in the presence of the testator, subscribed the same as a witness. This witness further testifies, that he wrote the said will as the same was dictated to him by Mr. Mims; that he read it over, and Mr. Mims approved it; and that the paper was complete in all its devises and bequests when Mr. Mims signed it. A second witness testifies, that, a day or two after this, Mr. Mims produced the will, informed the witness what it was, acknowledged his signature to it, and requested witness to sign it as a witness; and that he thereupon did so, in the presence of the testator. The third witness signed the paper as a subscribing witness, in the presence, and at the request of Mr. Mims; the latter acknowledging his signature to the paper, but not informing witness that it was his will. This signature was attached some four months after Mr. Mims and the first two witnesses had subscribed their names.

The discrepancies in the testimony of the subscribing

witnesses, are not greater than might often arise between witnesses of the greatest integrity, who relate the minute circumstances of a transaction, more than five years after their occurrence.

If the *manner* of the attestation in this case is a compliance with the statute requiring three subscribing witnesses to a will, to render it effectual to pass the title to real estate, we do not think the proof in this record authorized any other decree than the one rendered by the chancellor. We will not collate the testimony, as we understand the appellants to rely, mainly, for a reversal, on the legal question above presented.

The statute which determines the validity of this will declares, that persons owning real estate may devise and dispose of the same "by last will and testament; *provided*, that such last will and testament be signed by the testator or testatrix, or by some person in his or her presence, and by his or her direction, and attested by three or more respectable witnesses, subscribing their names thereto in the presence of such devisor."—Clay's Digest, 596, § 1.

The *language* of this statute does not require, in express terms, that the witnesses shall be present when the testator signs, or that they shall subscribe their names in the presence of each other. It is argued, however, that inasmuch as the statute requires three witnesses to make a will effectual to pass real estate, each witness ought himself to be able to prove every fact essential to a valid will; that these witnesses are placed by the law around the testator to guard his estate against imposition and fraud.

The 5th section of the English statute of frauds, 29th Car. II, is, in substance, identical with our statute of 1806, so far as this question is concerned. Under that statute, some doubts were at one time entertained, whether all the witnesses should not be present, and actually see the testator sign his will. That doubt soon gave way, and by a chain of adjudication, from Smith v. Codron, 2 Vesey, sr. 455, down to a recent period, the doctrine is there firmly established, that the act of signing need not be in the presence of all, or even any of the subscribing witnesses. The same rule prevails in most of the States of

this confederacy. In some, the actual presence of the witnesses at the signing is required by express statute. When this is the case, it follows, necessarily, that the courts cannot dispense with this statutory regulation. A citation of the numerous authorities on these points would swell this opinion unnecessarily. In addition to the citations on appellee's brief, the reader is referred to the second American edition (by Perkins) of Jarman on Wills, vol. 1, top pages 115–8, and notes. This direct question was considered and determined in accordance with this view, in Hoffman v. Hoffman, 26 Ala. 535.

We think the manner of the attestation in this case, was a substantial compliance with the statute.

There is another question presented by this record, not necessary to be now determined, but on which we feel it our duty to indicate what would be the correct practice. Mr. and Mrs. Woodcock received the legacy given them by the will of Mr. Mims. Near five years afterwards they filed this bill, to annul the will, and vacate the probate thereof, on the ground that it was not the will of the supposed testator. Neither before nor since the filing of their bill, did they offer to return to the executor, or to the probate court, the legacy thus received and held by them. We do not now determine whether this omission is fatal to the equity of the bill; or whether the chancellor, following what seems to be the practice in the ecclesiastical court of England, should not, after the bill was filed, and the answer had disclosed the fact that complainants were in possession of their legacy, have made an order that, before proceeding in their said suit, they should restore the legacy to the executor. We think the safer practice, in all similar cases, would be, for a legatee, who seeks to set aside a will under which he has taken, to restore the legacy to the executor, or offer to do so, before he institutes his proceedings.—See Bell v. Armstrong, 1 Add. Ecc. 353; Braham v. Burchell, 3 Add. 243; Hamblett v. Hamblett, 6 N. H. 333; 1 Jarman on Wills, 214; Thellusson v. Woodford, 13 Vesey, 209; Tibbetts v. Tibbetts, 19 Vesey, 656; Brown v. Ricketts, 3 Johns. Ch. 553; Glen v. Fisher, 6 Johns. Ch. 33; Hyde

v. Baldwin, 17 Pick. 303; McElfresh v. Schley & Barr, 2 Gill, 182, 201–2; Field v. Eaton, 1 Dev. Eq. 283; Birmingham v. Kirwan, 2 Sch. & Lef. 449.

These results render unnecessary the consideration of any other question in the record.

The decree of the chancellor is affirmed.