(81 South, 826)

### HARRIS v. KYLE. (7 Div. 987.)

(Supreme Court of Alabama. April 10, 1919.)

ESTOPPEL ☞31 — MORTGAGE BY DEVISEE
HOLDING IN TRUST—KNOWLEDGE OF MORT-
GAGEE.

Devisee of land in trust for life of another
who mortgages the land to executrix of testa-
trix is not estopped to deny trust or his own
title as remainderman in action by mortgagee
to foreclose; both parties being trustees not
permitted to impair the trust.

Appeal from Circuit Court, Etowah Coun-
ty; O. A. Steele, Judge.

Bill by R. B. Kyle against R. A. Harris.
Decree for complainant, and respondent ap-
peals. Reversed and rendered.

Hood & Murphree, of Gadsden, for appel-
lant.

Culli & Martin, of Gadsden, for appellee.

MAYFIELD, J. The bill in this case is
on its face a very simple affair, one to fore-
close a mortgage. Only the parties to the
mortgage are made parties to the bill. The
answer, cross-bill, exhibits thereto, and the
proof which is in effect an agreed statement
of facts, on which the hearing was had
and decree based, make a very complicated
affair. In fact, the case thus made is an
anomalous one, as for which we can find no
exact precedents to guide or aid us in this
decision.

It is made to appear beyond dispute that
the property mortgaged belonged to the wife
of appellant, who was the daughter of ap-
pellee, and that she devised it to her hus-
band, but in trust and on condition that it
should not be sold, exchanged, or in any
manner disposed of until her infant daugh-
ter attained her majority or married, nei-
ther of which has yet happened. The estate
of the husband was also conditioned upon
his surviving his daughter's attaining ma-
jority or marriage. If he died before the
happening of either event, the will provided
that the half interest in the net income of
the property which the husband was to re-
ceive was in that event to go to a third par-
ty, Miss Hanna Crook, for her private use
and that of the daughter. A part of the
trust was that the lands should be kept to-
gether; put in the hands of a real estate
agent, who should rent it and care for it,
paying one half of the net proceeds or rents
to the husband and the other half to Miss
Hanna Crook for the support and education
of the daughter of testatrix. Miss Hanna
Crook is clearly made the testamentary
guardian of the daughter, both as to her
person and estate. Whether or not this
provision of the will—as to the guardian-
ship of the person of the daughter—has

been carried out, and, if not, why not, is
not made to appear, as neither the testa-
mentary guardian nor the ward are made
parties to the suit.

It is made to appear, however, that as to
the estate the provision of the will has not
been carried out, but that the income which
the will provided should be paid to Miss
Crook, the testamentary guardian, has been
paid to another who appears to have been
appointed guardian of the estate of the
ward. Whether or not this was properly or
legally done we will not now attempt to de-
cide, because the parties interested were not
before the trial court, and are not before us.
We merely call attention to the fact to show
the anomaly of the case.

The appellee, the complainant below, and
the mortgagee of the mortgage sought to be
foreclosed, is made executor of the will in
question, and qualified as such, and acted as
such executor for several years, making
final settlement as such in the probate court;
and it seems that the rents have been paid
over to him since the date of his final settle-
ment.

While the mortgage here in question is on
its face on an undivided half interest in the
property described, and it appears that the
mortgagor has an interest in the land,
which may result in an undivided half in-
terest therein, yet it also appears that this
interest may be cut down to a half interest
only in the net profits during his life. In
other words, as we have shown, the hus-
band's interest and title is not an absolute
or unconditional title, except as to the half
interest in the net profits during his life or
the minority or single state of his daughter.
We are unwilling to apply the rule of es-
toppel in this case that a mortgagor is es-
topped to deny his own title, or set up the
defense contrary to the recitals of his mort-
gage, that the property is held by him as
trust property, which he had no right to
mortgage, as held in Jones on Mortgages, §§
682 and 1482, and in our own case of Strong
v. Waddell, 56 Ala. 471.

Here the mortgage recites that the inter-
est of the mortgagor was that acquired by
him as a joint owner or tenant in common
with his daughter, and which interest he
acquired by the will of his deceased wife;
hence the warranty must be construed in
connection with these recitals. It is there-
fore certain that neither party intended
that the mortgagee should acquire any in-
terest or title other than the mortgagor ac-
quired by virtue of the will. Both parties
were trustees, or acting in a fiduciary re-
lation as to the will and the property, one
as executor, the other as a trustee, when the
mortgage was executed; and a court of equi-
ty will not allow them to defeat or impair
the trust by any contract between them-
selves. It was the legal and equitable duty

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of both to see that the provisions of the will were carried out so far as it was lawful; and, as both parties are claiming under the will and trust, and not against it, they can neither be heard to dispute its provisions. They must take by virtue of its provisions, and not against it; and, both occupying fiduciary relations, they will be held to a strict performance of the conditions of the trust.

This will unmistakably provides that the property shall be kept together and rented out until the daughter is married or arrives at her majority, and that it shall not be sold, exchanged, or in any manner disposed of until the happening of one or the other of these two events, neither of which has yet happened. To sell the whole or any part of it, or any interest in the corpus of the land, would be a clear violation of the trust by the parties who were by the will charged with the duty of seeing to its enforcement. The court will not aid them in doing what they could not do without its aid; if in so doing they are both breaching the trust under which they claim the property and are charged with the duty of enforcing. To decree a sale of this land, and to sell the same under the decree, as is sought in this bill and as decreed by the court below, would undoubtedly breach the trust created by the will, and do so at the suit of the parties who are entrusted with the power, and upon whom is enjoined the duty of carrying out the trust.

It would also be a breach of the trust to thus sell an undivided half interest in the property; but no such limitation or qualification is by the bill sought to be sold, or is the decree so limited to such interest. The bill seeks to have the whole interest sold, and the decree, so far as it authorizes a sale, authorizes a sale of the entire fee.

The case, as before stated, is an anomalous one, and we find no precedents by which it can be ruled.

While a foreclosure sale would probably not destroy the interest or estate of the child of the testatrix, or the testamentary guardian, because they are not parties to the suit, yet it would in part, if not in toto, destroy the trust, and defeat the will of the testatrix, and do so by contract and suits between two of the parties charged with the duty of executing and enforcing the trust.

It is unnecessary to decide as to what rights the mortgage passed to the mortgag- or's interest in the net rents, income, and profits, for the reason the parties seemed to have treated these as not a part of the mortgage security, but by contract to have applied it to other debts. As to the husband's part of the net proceeds of the rents, of course, he could contract at will without violating or defeating the trust. So could he dispose of whatever interest he might have in the corpus of the estate, after a full execution of the trust, and the division thereof as is provided for in the will; but he cannot dispose of it in violation of the will and trust, because he received it only on the conditions of the will. It is very true, if he had attempted to dispose of it to strangers to the trust, different principles of law, estoppel, etc., might be invoked, but those principles do not apply here, where he attempted to dispose of it to another trustee under the same will, who was likewise under the duty of seeing that the trust was carried out and enforced. The law will not allow either party to thus profit by his own wrong.

It is proper to say that we do not now attempt to construe the will or the mortgage, except in so far as it is necessary to say that, in construing both together, no relief sought in this bill can be had, because to do so would allow two trustees under the will to defeat the very trust which they were in duty and law bound to enforce.

Neither the will nor the mortgage is a model of perspicuity, and, so far as the will is concerned, only one of the parties interested therein is before the court, and a further construction of it would now be improper.

The main equity of the bill having been to foreclose the mortgage, and having failed as to this, it is unnecessary to pass on the other questions argued, some of which involve and might prejudice the rights of other parties named in the will, who are not before the court.

It results that the decree appealed from is erroneous, and that the bill should be dismissed, but without prejudice as to any rights that either party may have as to actions at law or for an accounting in equity as to the amount of indebtedness between them.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.