(97 South. 736)

**RITCHEY v. JONES et al.**   (2 Div. 812.)

(Supreme Court of Alabama.   Oct. 16, 1923.)

1. **Wills** ⬅118, 120, 123(5)—**Unnecessary that attestation of witnesses be at the personal request of the testator or in presence of each other or that will be signed in their presence.**

Under Code 1907, § 6172, providing that the testator's signature shall be attested to by at least two witnesses, who must subscribe their names thereto in the presence of the testator, it is unnecessary that their attestation be at the personal request of the testator, or that they be present when he signs the will, nor need they sign their attestation in the presence of each other, it being sufficient if done in testator's presence with his knowledge and consent, express or implied.

2. **Wills** ⬅294—**Execution may be proven by evidence other than testimony of attesting witnesses.**

Due execution of a will may be proven by evidence other than the testimony of attesting witnesses.

3. **Evidence** ⬅474(4)—**Attesting witnesses may testify as to mental soundness of testator.**

Attesting witnesses may testify as to testator's mental soundness at the time he executed the will, without showing any other acquaintance with, or observation of, the testator.

**4. Evidence** ⟊⟹501(3)—**Nonexpert witnesses may testify as to testator's sanity without stating facts on which to base an opinion.**

Nonexpert witnesses may testify as to testator's sanity without stating facts on which to base an opinion, if they show sufficient acquaintance with the testator to form an' enlightened opinion.

**5. Wills** ⟊⟹163(4)—**That beneficiary prepares will at testator's request does not create a presumption of undue influence.**

That beneficiary prepared the will in obedience to testator's request did not create a presumption of undue influence and cast upon him the burden of showing that he exercised no such influence on the testator in the preparation and execution of his will.

**6. Wills** ⟊⟹384 — **Charge which eliminated question of undue influence not prejudicial..**

Where there was no evidence of undue influence on the part of a beneficiary in preparing a will for his testator, a charge to the jury which eliminated the question of undue influence cannot be regarded as prejudicial.

**7. Trial** ⟊⟹240—**Charge that witness impliedly certified that testator was of sound mind, and that his testimony to the contrary should be weighed accordingly, held properly given.**

A charge that a person who attached his name as a witness to a testamentary instrument impliedly certified that the testator was of sound mind, and that, while he might testify to the contrary, the implied contradiction should be considered in weighing his testimony, though argumentative in part, stated a correct rule of law, and, though it might have been refused without error, it was not error to give it.

Appeal from Probate Court, Perry County; W. T. Harris, Judge.

Petition by John H. Jones to probate the will of J. R. J. Williams, deceased, contested by Fannie Ritchey. From a decree admitting the will to probate, contestant appeals. Affirmed.

J. R. J. Williams, a bachelor, died at the age of 76 years in Perry county, July 2, 1922, seized and possessed of considerable real estate and personal property, leaving surviving him one heir at law, a sister, Mrs. Fannie Ritchey, the appellant.

On July 5, 1922, John H. Jones, as proponent, filed in the probate court of Perry county, Ala., for probate, a paper purporting to be the 'last will and testament of J. R. J. Williams.

J. R. J. Williams was engaged in merchandising, and lived at the home of John H. Jones, the proponent and one of the beneficiaries of the will, for about ten years next before his death, and said Jones was his general business agent, doing for him most of the things required in the conduct of his business, and enjoying his full confidence.

The evidence shows without dispute that the will in question was signed by the testator about an hour before his death, which occurred on Sunday, about 10 o'clock a. m. after an acute illness of two days in bed; that he was then very ill and very weak, and nearly blind, and the proponent had to place his hand for him at the proper place to sign, and another person had to raise him up and support him while signing.

As to proponent's part in the preparation of the will, the only testimony on that subject shows that the testator called him to his room and asked him if he had any blank wills, and then asked if he could write one; replying that he would try, he went out and wrote the heading and came back and read it to the testator, who thereupon called the names of the beneficiaries named in the will, and stated the interest given, and that the real estate reverted under the will of J. W. Williams. Proponent called two attesting witnesses, who were in an adjoining room, and also requested Dr. Pryor, who came in just then professionally, to witness it.

Proponent testified that testator asked him to get some witnesses.

Dr. Pryor testified that he read the will over, but that testator made no comments, and did not talk except when asked questions, and was unconscious most of the time. He further testified that in his opinion testator was of unsound mind at the time he signed the will.

Witnesses for the proponent, including the attesting witnesses, testified that testator was of sound mind at the time, and that he corrected Dr. Pryor while the latter was reading the will.

Charge 2, given for the proponent, is as follows:

"A person who attaches his name as a witness to a testamentary instrument impliedly certifies that the testator is of sound mind and competent to make a will, and, while the law will subsequently permit him to testify to the contrary because the truth, if such it be, should be learned, yet the jury trying the case may consider the fact of such implied contradiction in weighing his testimony."

Charge 3, given for proponent, is as follows:

"If the will is signed by the witnesses in the presence of the testator, it is sufficient even though it is not signed by the testator in the presence of the witnesses."

Charge 5, given for proponent, is as follows:

"If the jury believe from the evidence that the will was read over to the testator by Dr. Pryor, after it was written, and he assented thereto, then this was sufficient advice and information to destroy any presumption of undue influence on the part of Mr. Jones."

⟊⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Charge 6, given for proponent, is as follows:

"If the jury believe from the evidence that Mr. Jones did not suggest the making of the will, but that it was suggested by Mr. Williams' and written under his direction, then there is no presumption of undue influence on the part of Mr. Jones."

Charge E, refused to the contestant, is as follows:

"Unless the witness to the will either saw J. R. J. Williams sign it, or were requested by him to sign it as witnesses, then it has not been executed as required by law."

Rulings on the evidence are sufficiently stated in the opinion.

The jury found for the proponent, and there was judgment accordingly.

J. F. Thompson, of Birmingham, and Jerome T. Fuller, of Centerville, for appellant.

A valid will can be made only by a person of sound mind. Shieffelin v. Shieffelin, 127 Ala. 37, 28 South. 687. Witnesses to a will must sign as such in the conscious presence of testator. Code 1907, § 6172; Snider v. Burks, 84 Ala. 53, 4 South. 225. A legatee occupying a confidential relationship with testator, who is active in the preparation of the will, has the burden of showing the will was not the result of undue influence. Bancroft v. Otis, 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; McQueen v. Wilson, 131 Ala. 606, 31 South. 94; O'Neill v. Johnson, 197 Ala. 502, 73 South. 21; Pool's Heirs v. Pool's Ex'rs, 33 Ala. 145.

Clifton C. Johnston, of Marion, for appellees.

As to a mind of legal soundness, see West v. Arrington, 200 Ala. 420, 76 South. 352. Activity of the beneficiary, in order to cast on him the burden to rebut undue influence, must be more than compliance with the free and voluntary instructions of testator. Jones v. Brooks, 184 Ala. 115, 63 South. 978; Mullen v. Johnson, 157 Ala. 262, 47 South. 584; Eastis v. Montgomery, 95 Ala. 486, 11 South. 204, 36 Am. St. Rep. 227; Lockridge v. Brown, 184 Ala. 106, 63 South. 524; Bancroft v. Otis, 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904. It is not necessary that attesting witnesses to a will be present when the will is signed. Woodcock v. McDonald, 30 Ala. 411; Logwood v. Hussey, 60 Ala. 417; Hoffman v. Hoffman, 26 Ala. 535; 1 Jarman on Wills. 71.

SOMERVILLE, J. The grounds upon which the contestant relies to defeat the probate of the will are: (1) That the will was not executed by the testator in accordance with legal requirements. (2) The testator was non compos mentis at the time of its execution. (3) Its execution was the result of undue influence exercised upon the mind of the testator by the proponent, John M. Jones, who is a beneficiary under the will.

[1] The statute requires that the testator's signature shall be attested "by at least two witnesses, who must subscribe their names thereto in the presence of the testator." Code, § 6172. It is not necessary that their attestation be at the personal request of the testator (Lockridge v. Brown, 184 Ala. 106, 63 South. 524), but it is sufficient if done in his presence with his knowledge and with his consent, expressed or implied. In re Nelson, 141 N. Y. 152, 36 N. E. 3; Gilbert v. Knox, 52 N. Y. 125; In re Hull, 117 Iowa, 738, 89 N. W. 979; 40 Cyc. 1115, e.

It is well settled that the witnesses need not be present when the testator signs the will, nor need they sign their attestation in the presence of each other. Hoffman v. Hoffman, 26 Ala. 535, 546; Woodcock v. McDonald, 30 Ala. 411; Moore v. Spier, 80 Ala. 129; Woodruff v. Hundley, 127 Ala. 640, 29 South. 98, 85 Am. St. Rep. 145.

[2] Of course, the due execution of the will may be proven by evidence other than the testimony of the attesting witnesses. Allen v. Scruggs, 190 Ala. 654, 666, 667, 67 South. 301.

Under these principles and requirements, the evidence was sufficient to support a finding that the will was legally executed.

[3, 4] On the issue of the testator's mental capacity, the evidence was in dispute, and the question was properly submitted to the jury. Attesting witnesses are allowed to testify to the testator's mental soundness at the time he executed the will without showing any other acquaintance with, or observation of, the testator. Walker v. Walker's Ex'rs, 34 Ala. 469; Burney v. Torrey, 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33. So, any nonexpert witness may testify to the testator's sanity (but not to his insanity), without stating the facts on which he bases his opinion, if he shows sufficient acquaintance with the testator to have formed an enlightened opinion. Burney v. Torrey, 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33; Wear v. Wear, 200 Ala. 345, 348, 76 South. 111.

This court has frequently stated the elements of testamentary capacity, and repetition would be superfluous. Councill v. Mayhew, 172 Ala. 296, 307, 55 South. 314, and cases cited; West v. Arrington, 200 Ala. 420, 76 South. 352.

On the issue of undue influence, the most that can be said for the contestant is that, considering the age of the testator, the mental and physical weakness accompanying an acute and mortal illness, the environments of place and persons, and the personnel of the beneficiaries (excluding a well-regarded and only sister), the jury might properly have found the issue in her favor.

[5] The evidence did not show such activity by the proponent beneficiary as to create a presumption of undue influence, and to cast upon him the burden of showing that he exercised no such influence upon the mind of the testator in his preparation and execution of the will. Shirley v. Ezell, 180 Ala. 352, 60 South. 905; Eastis v. Montgomery, 95 Ala. 493, 11 South. 206, 36 Am. St. Rep. 227; Councill v. Mayhew, 172 Ala. 295, 311, 55 South. 314. As those cases show, activity which is no more than obedience to the expressed wish or request of the testator does not shift the burden of proof.

[6] Had the evidence been of such character as to create a legal presumption of undue influence on the part of the proponent, it is clear that charge No. 5, given at his request, would have been erroneous as an invasion of the province of the jury. But, there being no such presumption, its elimination by this charge cannot be regarded as prejudicial.

[7] Charge No. 2, though argumentative in part, states a correct proposition of law, and, while it might have been refused without error, it was not error to give it. Scribner v. Crane, 2 Paige (N. Y.) 147, 21 Am. Dec. 81, per Walworth, Ch.; Stevens v. Leonard, 154 Ind. 67, 56 N. E. 27, 30, 77 Am. St. Rep. 446; 1 Redf. Wills, 96.

The rulings of the trial court on the evidence, and in the giving and refusal of instructions, were in accord with the principles above stated, and the verdict of the jury was supported by substantial evidence on the several issues of fact submitted to them.

Finding no reversible error, the judgment of the probate court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.