(114 So. 465)

**COX v. HALE et al.  (7 Div. 749.)**

Supreme Court of Alabama.  Nov. 10, 1927.

Rehearing Denied Nov. 25, 1927.

**1. Wills ⬅⬆580—General terms of description in devise do not defeat prior specific devise of clearly defined property.**

A specific devise of clearly defined property is not to be defeated and stricken from will because of general terms of description in later devise.

**2. Wills ⬅⬆450, 470—Will must be considered as whole, and each item given effect, if possible.**

Will must be considered as a whole with view to give effect to its full intent by giving effect to each item of will, unless entire document forbids such construction.

**3. Wills ⬅⬆471—Will speaks for itself, if unambiguous, but if seemingly conflicting it must be interpreted to determine testator's intent.**

In absence of conflict or ambiguity in terms of will, it must speak for itself, but seeming conflict requires interpretation to determine testator's intent.

**4. Wills ⬅⬆472—Only where provisions of will are in irreconcilable conflict will later provision be given precedence as last expression of testamentary purpose.**

Rules giving later provision of will precedence as last expression of testamentary purpose has no place, except in case of irreconcilable conflict, where two provisions cannot be given effect on fair interpretation of whole instrument.

**5. Wills ⬅⬆580—Devise of all testator's realty to wife and children held residuary in character and did not defeat prior specific devise to daughter by former marriage.**

In will specifically devising house and lot definitely described to daughter by former marriage, subsequent devise to wife and children of "all my real property that I may die seized and possessed" was residuary in character, intending to pass all realty except that previously specifically devised, and did not defeat specific devise, especially where evidence showed house and lot had been set aside to daughter for several years.

**6. Wills ⬅⬆473—Will is invalid in toto where specific devises violating positive law or public policy defeat testator's intent.**

If specific devises and legacies are declared invalid because violative of positive law or public policy, and result in thwarting entire scheme

and purpose of testator in disposing of estate, and work injustice to beneficiaries, will is invalid in toto.

**7. Wills ⬅⬆473—Will specifically devising house to daughter would not be defeated by construing subsequent devise to wife and other children of all realty to include prior specific devise.**

Where will specifically devised house and lot to daughter and subsequently devised all testator's realty to wife and other children, construction of will to devise entire realty to wife and other children would not render entire will invalid; there being no question of illegal provisions, and only problem being one of construing and not destroying will.

**8. Wills ⬅⬆155(1)—Undue influence as applied to wills is included under "coercion" or "fraud," at common law.**

At common law, all cases of undue influence as applied to wills are included under head of "coercion" or of "fraud."

**9. Wills ⬅⬆155(1)—Undue influence, resulting in will of another than testator, is species of fraud.**

All undue influence in sense that it writes will of another and not that of testator is fraud on testator and on those who, but for such wrong, would succeed to his bounty.

**10. Wills ⬅⬆332—Words "coercion" or "force" should not be applied to fraud inducing testator to sign will by trickery without knowledge of its effect.**

Where fraud takes form of deceit so that testator, acting without influence of force or fear, is induced by trickery to sign will without knowledge of its true effect, words "coercion" or "force" should not be applied to such form of fraud in instructions to jury.

**11. Wills ⬅⬆155(1)—"Undue influence" is applied to cases of coercion equivalent to force or fear, overcoming testator's free agency, and procuring document expressing will of another.**

"Undue influence" is legal term covering cases of moral coercion, or duress of mind, wherein dominating will of another acquires supremacy overcoming free agency of testator, procuring document expressive of will of another, and having quality of coercion which is equivalent to force or fear.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Undue Influence.]

**12. Wills ⬅⬆332—Instruction that undue influence avoiding will must amount to force or fear overcoming testator's free agency was proper, where no question of fraud by deceit was presented.**

Where evidence presented issue of undue influence resulting in overcoming free agency of testator and no question of fraud by deceit, trickery, and the like was before jury, instruction that undue influence avoiding will must amount to influence equivalent to force or fear destroying free agency and constraining testa-

tor· to do what is against his will was properly given.

**13. Trial ⟐⟐194(9)—Charge precluding finding of undue influence without testimony showing activity by wife and children in procuring will held reversible error as on effect of evidence.**

In bill contesting will as procured by undue influence resting on coercive influence of wife, growing out of confidential relations, feebleness of testator, and circumstances indicating purpose to procure will favorable to wife, charge precluding finding of undue influence in absence of testimony showing activity by wife and children procuring execution of will, or that such influence had any connection whatever with its execution, was reversible error as indicating absence of evidence on issue of undue influence.

**14. Trial ⟐⟐194(9)—Charge that confidential relations between testator and wife or son, without showing they procured will, does not authorize finding of undue influence held reversible error as on effect of evidence.**

In bill contesting will as procured by undue influence of wife and children, charge that mere evidence of confidential relations between testator and wife and son, exercising general dominating influence over testator, without showing they procured execution of will, does not authorize finding of undue influence was reversible error as on effect of the evidence.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill in equity by Norma Cox against Della Hale and others, contesting the will of Johnson B. Hale, deceased. From a decree denying relief, complainant appeals. Reversed and remanded.

These charges were given for respondents:

"B. The court charges the jury that there can be no undue influence in the absence of testimony showing activity on the part of respondents Della Hale and J. B. Hale, one or both, in procuring the execution of the will, or that such influence had any connection whatever with its execution, and, in the absence of such evidence, the jury is not authorized to find that there was undue influence exercised in the execution of the will.

"C. The court charges the jury that there can be no undue influence in the absence of testimony showing activity on the part of respondents Della Hale and J. B. Hale, one or both, in procuring the execution of the will, or that such influence had any connection whatever with its execution, and in the absence of such evidence the jury should not return a verdict in favor of complainant on the issue of undue influence.

"(16) The court charges the jury that mere evidence of confidential relations between the testator, Johnson B. Hale, and his wife, Della Hale, or his son, J. B. Hale, and that Della Hale or J. B. Hale, one or both, exercised a general dominating influence over testator, with no showing that Della Hale or J. B. Hale, one or both, actively procured the execution of the will, does not authorize the jury to find that the will was executed under undue influence.

"(17) The court charges the jury that mere evidence of confidential relations between testator, Johnson B. Hale, and respondents Della Hale or J. B. Hale, and that Della Hale and J. B. Hale, respondents, both or either of them, exercised in general a dominating influence over testator, Johnson B. Hale, and the complainant or contestant has failed to introduce any evidence going to show that there was any activity on the part of respondents Della Hale and J. B. Hale, or either of them, in procuring the execution of the will, or that such influence had any connection whatever with its execution, the jury should not find a verdict in favor of complainant on the issue of undue influence."

Hugh Reed, of Center, and Hood & Murphree, of Gadsden, for appellant.

To determine the intent of a testator, the words used by him must be given their general and ordinary meaning. Baker v. Baker, 182 Ala. 194, 62 So. 284; City B. & T. Co. v. McCaa, 213 Ala. 579, 105 So. 669. The last clause of a will prevails over a former one. Hatcher v. Rice, 213 Ala. 676, 105 So. 881. The conflict between the second and fourth items of the will defeats the general scheme and intent of the testator and renders the will void in toto. Brizendine v. American T. & S. Bank, 211 Ala. 694, 101 So. 618; 40 Cyc. 1080, 1082; Steele v. Crute, 208 Ala. 2, 93 So. 694; Lee v. Shivers, 70 Ala. 292; De Bardelaben v. Dickson, 166 Ala. 59, 51 So. 986; Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. The oral charge of the court, in defining undue influence, was erroneous. Miller v. Whittington, 202 Ala. 406, 80 So. 499; Councill v. Mayhew, 172 Ala. 295, 55 So. 314; Lewis v. Martin, 210 Ala. 401, 98 So. 635. This charge would exclude all inference that might arise from the existence of confidential relations. McQueen v. Wilson, 131 Ala. 606, 31 So. 94; Harraway v. Harraway, 136 Ala. 499, 34 So. 836; Posey v. Donaldson, 189 Ala. 366, 66 So. 662; Shirley v. Ezell, 180 Ala. 352, 60 So. 905; Higginbotham v. Higginbotham, 106 Ala. 314, 17 So. 516.

The giving of charges 16 and 17 for appellees was reversible error. Posey v. Donaldson, supra; Shirley v. Ezell, supra.

Motley & Motley, of Gadsden, for appellees.

A residuary clause giving all of the estate means all of the residue. Harrison v. Jewell, 2 Dem. Sur. (N. Y.) 37; 40 Cyc. 1567; Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651. Where there is an inconsistency between a general and specific provision, the specific provision will prevail, regardless of the order in which it stands in the will. 40 Cyc. 1418; Bruce v. Baker, Wils. (Ind.) 462; Waring v. Bosher, 91 Va. 286, 21 S. E. 464; Ralls v. Johnson, 200 Ala. 178, 75 So. 926; Hatcher v. Rice, 213 Ala. 676, 105 So. 881. It is the duty of the court to carry out the will of the testator as shown by

the will; it being a question' of construction and not destruction of the will. Hatcher v. Rice, 213 Ala. 676, 105 So. 881; Brizendine v. American T. & S. Bank, 211 Ala. 694, 101 So. 618. Where there is no evidence of undue influence on the part of a beneficiary in preparing the will for his testator, a charge eliminating the question of undue influence is not prejudicial. Ritchey v. Jones, 210 Ala. 204, 97 So. 736;. Martindale v. Bridgforth, 210 Ala. 565, 98 So. 800; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904. Mere evidence of confidential relations and that proponent exercised a general dominating influence over testator, with no showing that proponent actively procured execution of the will, will not support the issue of undue influence. Alexander v. Alexander, 208 Ala. 291, 94 So. 53; Jones v. Brooks, 184 Ala. 115, 63 So. 978; Cunninghame v. Herring, 195 Ala. 469, 70 So. 148; Little v. Little, 209 Ala. 651, 96 So. 928; Lockridge v. Brown, 184 Ala. 106, 63 So. 524; McElhaney v. Jones, 197 Ala. 303, 72 So. 531; Mullen v. Johnson, 157 Ala. 262, 47 So. 584; Eastis v. Montgomery, 95 Ala. 486, 11 So. 204, 36 Am. St. Rep. 227; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904. Undue influence which will avoid a will must amount to coercion or fraud. Mullen v. Johnson, supra; Johnson v. Johnson, 206 Ala. 523, 91 So. 260; Knox v. Knox, 95 Ala. 495, 11 So. 125, 36 Am. St. Rep. 235; Eastis v. Montgomery, 93 Ala. 293, 9 So. 311; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33; Councill v. Mayhew, 172 Ala. 295, 55 So. 314.

BOULDIN, J. This is a will contest by bill in equity after probate.

In numerous ways complainant raised the point in the court below that the will is void on its face. This question is first presented in assignments of error and briefs on this appeal.

In "second" item of the will, the testator, Johnson B. Hale, devised a house and lot in the city of Gadsden, definitely described, to complainant, his daughter, Norma Cox.

In "fourth" item he devised and bequeathed to his wife, Della Hale, and six children, naming them, "all my real property or mixed property that I may die seized and possessed."

The argument supporting the view that this conflict in the terms of the will renders it void proceeds thus: That the property devised in each item is definitely and clearly defined, the language must be given its clear unequivocal meaning, and there is no room for construction; that in case of clear and irreconcilable conflict the last clause must have precedence over the first; that, therefore, the devise of all real estate in the fourth item defeats the devise of the house and lot in the second; but, it is argued, this result defeats the general scheme of the will and the purpose of the testator to give his daugh-

ter, Norma, a share in his estate, works injustice to a named beneficiary, and therefore the entire will is invalid.

We cannot concur in this process of reasoning. The real conflict here is in matter of description of the properties devised under the two items.

[1, 2] A specific devise of clearly defined property is not to be defeated and stricken from the will by general terms of description in a later devise. The fundamental rule of construction is to consider the document as a whole, with a view to give effect to its full intent. This requires that each item of the will be given effect, each provision a field of operation, unless the entire document forbids such construction.

[3] True, in the absence of conflict or ambiguity in the terms of the will, it must speak for itself. But seeming conflict calls for construction, interpretation; the testator's intent being the ultimate end in view.

[4, 5] The rule giving the later provision of a will precedence as the last expression of the testamentary purpose has no place except in case of irreconcilable conflict, where both cannot be given effect upon a fair interpretation of the whole instrument. We have no difficulty in construing the fourth item of this will as residuary in character, as intending to pass all real property except that specifically devised in the second item.

If we regard the will as ambiguous in this regard, and place ourselves in the position of the testator as disclosed by the existing circumstances, we note that this house and lot had been theretofore set apart to the daughter, Norma; she had been given the possession and income therefrom for several years. It is not difficult to infer that in the thought of the testator he regarded it as already segregated from his estate, but put in the will to pass title. It was not property of which he expected to die "seized and possessed."

We conclude the general devise to the wife and children did not defeat the specific devise to complainant, the daughter of a former marriage. Hatcher v. Rice, 213 Ala. 676, 105 So. 881; Ralls v. Johnson, 200 Ala. 178, 75 So. 926; Duncan v. De Yampert, 182 Ala. 531, 62 So. 673.

We would not be understood as holding that, if the will be construed to devise the whole of testator's real estate to his wife and children of the last marriage, this would render the entire will invalid.

[6] It is a recognized rule that, if specific devises and legacies are declared invalid because violative of positive law or public policy, and thus mutilated, the entire scheme and purpose of the testator in the disposition of his estate is thwarted, and injustice done to beneficiaries, the will is declared invalid in toto. Brizendine v. Amer. Trust & Savings Bank, 211 Ala. 694, 101 So. 618;

Reid v. Voorhees, Ex'r, 216 Ill. 236, 74 N. E. 804, 3 Ann. Cas. 946. The famous Tilden will involved this principle. Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487.

[7] The case before us involves no question of illegal provisions. If the will, construed as appellant contends, gave all the lands to the wife and children, this was within the discretion of the testator. We can hardly follow a line of reasoning which would construe the will according to a supposed last expression of the testamentary purpose, and still say the same will shows the manifest scheme and intent of the testator was defeated. If the will be construed as appellant contends, the purpose to give all the lands to the wife and children became the testamentary intent and scheme. When none of the provisions of a will are unlawful, it becomes a question of construction and not destruction of the will. A will may be void for hopeless uncertainty, but no such question is presented here.

The case was tried by jury on issues of mental incapacity and undue influence. The trial court thus defined undue influence:

"Now, undue influence which will void a will must amount to coercion or fraud—an influence tantamount to force or fear, and which destroys the free agency of the party, and constrains him to do what is against his will."

To this exception was reserved by complainant.

[8] Reduced to fewest words, it was well settled at common law that all cases of undue influence, as applied to wills, range themselves under the head of coercion or of fraud. This definition, approved by text-writers, was early adopted and has been consistently followed in the decisions of this court. 1 Williams on Executors (6th Amer. Ed.) pp. 68 to 71; 1 Jarman on Wills (6th Ed., Bigelow's note) p. 67; 1 Schouler on Wills (6th Ed.) §§ 261, 262; Taylor v. Kelly, 31 Ala. 59, 70, 68 Am. Dec. 150; Gilbert v. Gilbert, 22 Ala. 529, 58 Am. Dec. 268; Blakey v. Blakey, 33 Ala. 611, 621; Hall v. Hall, 38 Ala. 131; Leeper v. Taylor & Wife, 47 Ala. 221; Bancroft v. Otis, 91 Ala. 279, 290, 8 So. 286, 24 Am. St. Rep. 904; Eastis v. Montgomery, 93 Ala. 293, 300, 9 So. 311; Id., 95 Ala. 486, 11 So. 204, 36 Am. St. Rep. 227; Knox v. Knox, 95 Ala. 495, 11 So. 125, 36 Am. St. Rep. 235; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Schieffelin v. Schieffelin, 127 Ala. 14, 28 So. 687; Mullen v. Johnson, 157 Ala. 262, 47 So. 584; Councill v. Mayhew, 172 Ala. 295, 55 So. 314 (charge 11, pp. 298–307 [55 So. 315, 318]); Posey v. Donaldson, 189 Ala. 366, 66 So. 662; Phillips v. Gaither, 191 Ala. 87, 67 So. 1001; Johnson v. Johnson, 206 Ala. 523, 91 So. 260.

In the recent case of Miller v. Whittington, 202 Ala. 406, 412, 80 So. 499, this court held that, where the issues of fact are "undue

217 ALA.—4

influence and fraud," the instruction given in this case is erroneous. The fault of the instruction in that class of cases is the addition of the clause, "And must be tantamount to force or fear."

[9] All undue influence is a species of fraud. In the sense that it writes the will of another, and not that of the testator, it is a fraud upon him and upon those, who, but for such wrong, would succeed to his bounty.

[10] But fraud may take the form of deceit. The testator may act without the influence of force or fear in any literal sense, and still the will be the result of the evil designs of others. By trickery the testator may be induced to sign a will without knowledge of its true content and effect. Coercion or force is inapt as applied to such form of fraud, especially in instructions to juries.

[11] "Undue influence" is a legal term, aptly chosen to cover, among others, cases of moral coercion, duress of mind, wherein the dominating will of another acquires supremacy, overcomes the free agency of the testator, and procures a document expressive of the will of such other person, and not that of the testator. Not inaptly have the writers of the law, seeking to define undue influence of this character, declared it must have the quality of coercion, an influence the equivalent of force or fear.

Running through the whole law of undue influence of this character is the idea of constraint, control over the mind and act of the testator, the force of a dominating power, however obtained or exercised. It may take the form of fear—fear of the helpless or dependent for his comfort or safety; fear of the weak in mind to antagonize and incur the displeasure of those who have acquired a dominance over him.

[12] Where the evidence presents an issue of undue influence of this character only, and no question of fraud by deceit, trickery, and the like is before the jury, the instruction now under review is a correct statement of the law, and properly given.

While the evidence on the issue of undue influence was sufficient to go to the jury, it involved no issue of deceit or fraudulent scheme of like kind. It must rest upon the coercive influence of the wife, growing out of confidential relations, feebleness of the testator in body and mind, circumstances, if believed, indicating a purpose to procure a will favorable to her children, some indications of fear on the part of the testator to oppose her wishes, alleged declarations by the testator of a purpose to provide for complainant in his will, and the unequal provision made for her therein.

So far as direct evidence goes, while the wife had requested her husband to make a will 8 or 10 years before, she had never suggested the terms of a will; she was not active in any way in its preparation at the

time, or even knew of its execution until after the death of the testator some 18 months later.

In dealing, however, with the court's instructions, we proceed on the hypothesis that inferences from the chain of circumstances, having support in the evidence, warranted the submission of the issue of undue influence to the jury. Posey v. Donaldson, 189 Ala. 366, 66 So. 662.

[13, 14] Accordingly, we find no error to reverse in the oral instructions given. We are constrained, however, to hold charges B, C, (16), and (17), given at the request of respondents, constitute error to reverse.

These charges, especially (17), virtually declare there was an absence of any evidence on the issue of undue influence, the equivalent of the affirmative charge on that issue.

While charges H and I, given for complainant, state the doctrine of undue influence favorably to complainant, they do not cure the error in giving the above charges going to the effect of the evidence.

For the error in giving these charges, the decree is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.