(137 So. 413)

### WAINWRIGHT v. WAINWRIGHT.
### 5 Div. 91.

Supreme Court of Alabama.
Nov. 5, 1931.

C. S. Moon, of Lafayette, and W. Howell Morrow, of West Point, Ga., for appellant.

C. E. Fuller and Will O. Walton, both of Lafayette, for appellee.

THOMAS, J.

The appeal is from a decree rejecting the probate of a will offered therefor by the second wife of decedent as the alleged testator.

The decree recites: " * * * Issue was made up by the parties, that is whether or not the will was duly executed, whether or not Robert Wainwright was of sound mind at the time of the execution, and whether or not the said alleged will was the result of undue influence, and whether or not said Robert Wainwright's mind had become so far impaired by the continued and excessive use of drugs, stimulants and intoxicants as to render him incapable of making a valid will. * * * Whereupon, the issue was made up by the parties, that is, whether or not said will was duly executed, whether or not the mind of testator was unsound at the time of the execution of said will, whether or not, by the excessive use for a long period of time of drugs, stimulants and intoxicants rendered him mentally incapable of making a will, and whether or not the said alleged will was the result of undue influence as alleged in the contest. Thereupon, after testimony was taken orally in open court, the jury having been duly empanelled and sworn, towit: E. B. Clark and eleven others, did on the 29th day of November, 1930, on their oaths, say, we

the jury find against the will, E. B. Clark, foreman;" and judgment was entered pursuant to this verdict.

The jury were fully and fairly instructed on the law having application to the evidence in general and written charges; and no exceptions to the oral charge are duly insisted upon. All objections and exceptions not so presented, within the rule that obtains, are treated as waived. Georgia Cotton Co. v. Lee, 196 Ala. 599, 603, 604, 72 So. 158; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 So. 712; Johnson v. State, 152 Ala. 93, 44 So. 671. This rule likewise applies against the proponent concerning the rulings on the admissibility of the testimony. There is nothing sufficiently and specifically pointed out and insisted upon by argument of appellant as to the foregoing rulings.

We are brought to consider the refusal to give the general affirmative instructions requested by proponent. Allegations that testator was of unsound mind at the time of executing the will sufficiently present issue of decedent's mental capacity. Wear v. Wear, 200 Ala. 345, 76 So. 111; Barksdale v. Davis, 114 Ala. 623, 22 So. 17; Batson v. Batson, 217 Ala. 450, 117 So. 10.

Whether testator's belief that his children or some members of his family were hostile to him, or had defrauded or mistreated him, was founded in fact, or was the result of a deranged condition of his mind, amounting to an insane delusion, so affecting testator as to render him incapable of making a will under the law, held for the jury in Batson v. Batson, 217 Ala. 450, 117 So. 10. Florey's Ex'rs v. Florey, 24 Ala. 241; L. R. A. 1915A, 459; 27 L. R. A. (N. S.) 68.

It would serve no good purpose to discuss in detail the evidence of the alleged testator's unnatural, abnormal, or strange conduct and declarations of his children, and delusions of injury therefrom. It is sufficient to say that it was within the rule of the cases defining vitiating insane delusions of hostility of children and family that had no foundation in fact, that made a jury question. Florey's Ex'rs v. Florey; Batson v. Batson, supra. The several witnesses, detailing the facts of the unusual and unnatural conduct of the alleged testator, and showing their opportunity and the fact of recent observations of him, at and about the time of the execution of the alleged will and under the predicate laid, were competent, on the facts stated in evidence, to express their opinions of his sanity or insanity. There was evidence pro and con as to his mental capacity within the rule of the cases. Batson v. Batson, 217 Ala. 450, 117 So. 10; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33; Chandler v.

Chandler, 204 Ala. 164, 85 So. 558; Hollingsworth v. Miller, 212 Ala. 187, 101 So. 881.

In Batson v. Batson, 217 Ala. 453, 454, 117 So. 10, 12, the rule is thus stated:

"If one, against 'all evidence and probability, persistently believes supposed facts which have no existence except in his perverted imagination, and conducts himself, however logically, upon the assumption of their existence, he is, so far as they are concerned, under an insane delusion,' is the definition contained in Re Riordan's Estate, 13 Cal. App. 313, 109 P. 629; L. R. A. 1915A, 459; In re Alexander, 246 Pa. 58, 91 A. 1042, Ann. Cas. 1916C, 33. That is to say, the belief in a state of supposed facts that do not exist, and which no rational person would believe, in the absence of evidence, to exist, is an insane delusion. See Lanham v. Lanham, 62 Tex. Civ. App. 431, 146 S. W. 635; 40 Cyc. 1031–1, and authorities.

"In Johnson v. Johnson, 105 Md. 81, 65 A. 918, 121 Am. St. Rep. 570, 573, it is declared that, to avoid a will because the testator entertained a delusion, that delusion must be an insane delusion, and the will must be the product thereof. The definition of such delusion employed in the Johnson Case was:

"'A belief in things impossible, or, though possible, so improbable under the surrounding circumstances that no man of sound mind could give them credence.'"

The issue of testamentary capacity was properly challenged by pleading supported by contestant's phase of the evidence, and was fully and fairly submitted to the jury under the evidence and contradictory inferences therefrom (McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135), and the rule as to the burden of proof or going forward with the evidence. West v. Arrington, 200 Ala. 420, 76 So. 352.

The decree of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.