163 So. 335

### HALE et al. v. COX.

### 7 Div. 334.

Supreme Court of Alabama.

June 27, 1935.

Rehearing Denied Oct. 10, 1935.

Motley & Motley, of Gadsden, for appellants.

**24**

Hugh Reed, of Center, and Hood & Murphree, of Gadsden, for appellee.

THOMAS, Justice.

The case is that of contest of a will where there was a jury and verdict rendered in the trial of an issue out of chancery after probate.

See reports on former appeals: Cox v. Hale et al., 217 Ala. 46, 114 So. 465; Hale et al. v. Cox, 222 Ala. 136, 131 So. 233.

The jury found the issue in favor of the complainant.

On the first appeal, seeming or apparent conflict between items 2 and 4 of the will called for construction, were reconciled, and it was held the general devise to the wife and children did not defeat the specific devise to complainant, the daughter of a former marriage. Cox v. Hale et al., 217 Ala. 46, 114 So. 465; Ralls et al. v. Johnson et al., 200 Ala. 178, 75 So. 926.

The question of undue influence—coercion or fraud—as affecting wills, was likewise considered, and the leading authorities collected (Cox v. Hale et al., 217 Ala. 46, 114 So. 465; Miller et al. v. Whittington, 202 Ala. 406, 80 So. 499) as to the rules that obtain.

After reversal on the last appeal (Hale et al. v. Cox, 222 Ala. 136, 131 So. 233), respondents amended their answer by setting up that the will bequeathed to complainant the house and lot on Cherry street in the city of Gadsden; that she was in possession thereof at the time of the trial of this contest, and did not offer to return that property to the executrix.

It is urged that such a failure on the part of complainant prevented her successful maintenance of this suit in equity for annulment of said will; and that such a bar to her procedure here by way of estoppel and the kindred equitable rule.

Complainant did not elect to test the sufficiency of such a plea or defense, took issue on the fact, and proceeded to trial under the statute.

The evidence convinces us that the testator had theretofore given the house in question to the daughter; that she so occupied and held the possession and he (the testator) was merely conferring the title by the second paragraph of the will. And requested affirmative instruction refused to defendants was without error under the adverse tendencies of the evidence.

There was no error in allowing the witness Meeks to answer the question propounded to her as a nonexpert, as she had theretofore shown the required intimate acquaintance with the testator which qualified that witness to answer whether or not he was of sound or unsound mind at the time in question. Houston v. Grigsby, 217 Ala. 506, 116 So. 686; Chandler v. Chandler et al., 204 Ala. 164, 85 So. 558.

The witness Jordan was not called upon and did not usurp the province of the jury as to the issues being tried in giving the facts as to testator's physical and mental condition. Councill v. Mayhew, 172 Ala. 295, 55 So. 314; Miller et al. v. Whittington, 202 Ala. 406, 80 So. 499; Chandler v. Chandler et al., supra.

■ The witness Cardon having died, his former testimony was offered in evidence. He had qualified as an expert with personal knowledge of the facts which he gave in evidence and on which he expressed an opinion, and the right of cross-examination was exercised. The witness stated that he knew the personal relation existing between complainant and her father; that he "never knew of any estrangement between her and her father; * * * knew of no ill-will * * * nor of any disposition to cut her out of his estate"; that "he was foolish about her and that he so expressed himself." To this evidence there was no objection. Gilbert v. Gilbert, 22 Ala. 529, 58 Am. Dec. 268; Seale v. Chambliss, 35 Ala. 19; Schieffelin v. Schieffelin, 127 Ala. 14, 28 So. 687. The record recites the following in the course of further examination of this witness: "The complainant offered to read the following extract from the testimony of said Cardon in the former trial to which respondents objected, which statement is as follows: 'When he would visit my father before his death and at the death of my father and even after Mr. Hale married his present widow, he told me that he was going to see that Norma was well taken care of and provided for and said folks think that I won't, but he says I am going to see that Norma is well taken care of and provided for.' The respondents objected to this statement and moved to exclude this statement of the witness Cardon on the grounds that it was not a part of the res gestæ that the statement was too remote and that it was irrelevant, immaterial and incompetent. The Court overruled the respondents' objection to this testimony and their motion to exclude the same, and the respondents then and there duly excepted."

In this action of the court there was no reversible error. The matter given was not too remote. Coghill v. Kennedy, 119 Ala. 641, 663, 24 So. 459; Schieffelin v. Schieffelin, supra; Bunyard and Wife v. McElroy, Ex'r, 21 Ala. 311; 79 A. L. R. 1473, 1485, note.

To like effect was the overruling of objection to the question propounded to Mr. LeCroy, the justice of the peace who took acknowledgments to documents by the testator and his wife.

■ Complainant's evidence (on cross-examination) was that the father gave her a deed to the house when she married, several years before the execution of the will, and that she had been placed in possession thereof, so held and claimed to and at the time of the trial. There was no reversible error in declining the question: "You didn't offer this house and lot that was given you in the will back to the administratrix, or the executrix, rather Mrs. Hale, and offer to pay the rent you had received back before you brought this suit, did you? The complainant objected to this question; the Court sustained the objection, and the respondents then and there duly excepted." The question assumed the house was given to her under the will. Witness had stated the facts, and her failure to offer this house to Mrs. Hale was beside the issue of the contest being tried. This gift was not made and consummated under the will; but several years before, as the evidence clearly shows. Harris v. Kyle, 203 Ala. 36, 81 So. 826; Steele et al. v. Steele's Adm'r, 64 Ala. 438, 461, 38 Am. Rep. 15; Woodcock and Wife v. McDonald, 30 Ala. 411; 72 A. L. R. 1136, note.

■ The witness Thornton, having testified for respondents and stated the physical and mental condition of the testator, and that he was going to make certain provision for contestant (his daughter by his second wife), it was proper on cross-examination to call for statements made by that witness as to what testator said to witness at the time and place indicated; as to his declared personal relations between complainant, testator, and respondent wife and stepmother. This was a proper office of cross-examination for the purpose of showing interest or for a predicate for impeachment. Whitsett et al. v. Belue et al., 172 Ala. 256, 54 So. 677.

■ That witness having answered in the negative, there was no error in allowing the witness Batson to detail the contradictory or impeaching statements in respect to the predicate indicated above. Hanye v. State, 211 Ala. 555, 101 So. 108; Williams v. Alabama Fuel & Iron Co., 212 Ala. 159, 102 So. 136; Malloy v. State, 209 Ala. 219, 96 So. 57.

■ Moreover, under the issue of undue influence on the part of Mrs. Hale in procuring execution of the will, the conduct and feeling of Mrs. Hale toward contestant, and the domination and control of testator were circumstances for the consideration of the jury. Cox v. Hale et al., 217 Ala. 46, 117 So. 465; Posey et al. v. Donaldson, 189 Ala. 366, 66 So. 662.

The oral charge of the court followed the announcements of this court on former appeals, which clearly stated the rule applicable to the facts under the issues submitted. Cox v. Hale et al., 217 Ala. 46, 117 So. 465; Id., 222 Ala. 136, 131 So. 233.

When refused charges touching the rule of testamentary capacity are considered with the oral charge and given charges 7, 8, 9, and D, no reversible error intervened by the refusal of charge 4.

The rules of testamentary capacity (Chandler v. Chandler et al., 204 Ala. 164, 85 So. 558), and those of undue influence, which vitiate a will executed in pursuance thereof, were given the jury by the court, in pursuance of the announcements made on formal appeal. Hale et al. v. Cox, 222 Ala. 136, 139, 131 So. 233. And it was held on former appeal. Hale et al. v. Cox, 222 Ala. error to refuse respondents' charge No. 5. However, it was substantially covered by given charges.

Refused charge 14 dealt with the burden of proof under the issues of fact presented by the pleadings. This was done by given instructions—as charges 11, 16, 19, and 37.

Refused charges 17, C, and E are covered by given instructions as to undue influence that vitiates a will procured thereby—as charge 1 and the oral charge. Ritchcy v. Jones et al., 210 Ala. 204, 97 So. 736; Alexander v. Alexander, 208 Ala. 291, 94 So. 53; Scarbrough et al. v. Scarbrough et al., 185 Ala. 468, 64 So. 105. See given charges 1, 2, 15, and 23.

The instructions refused by requested charges 38 and 41 were covered by the oral charge as follows: "A man has the right, gentlemen, under the law, to dispose of his property as he thinks best and as he thinks right. Although certain parties may have been left out of the will entirely, that is a matter entirely for the man himself to do with his own as he sees proper; that is the object and purpose gentlemen of making a will."

Charge No. 38, refused to respondents, correctly stated the presumption that obtains from the mere unequal distribution of the testator's property among next of kin, without other evidence as affecting mental incapacity and undue influence. Coleman v. Robertson's Executors, 17 Ala. 84; Henry et al. v. Hall, 106 Ala. 84, 17 So. 187, 54 Am. St. Rep. 22. It is declared in the later cases of Councill v. Mayhew, 172 Ala.

296, 55 So. 314, and Batson et al. v. Batson et al., 217 Ala. 450, 117 So. 10 that in such case unnatural disposition is a fact to be considered by the jury upon the issues of fraud, undue influence, and testamentary capacity. Mitchell v. Parker, 224 Ala. 149, 138 So. 832; Wainwright v. Wainwright, 223 Ala. 522, 137 So. 413; McLendon et al. v. Stough et al., 218 Ala. 445, 118 So. 647; Florey's Executors v. Florey, 24 Ala. 241. We think this charge (No. 38) was covered by the oral instruction given and given charge 20.

So, also, is refused charge No. 41 covered by given charge 20 and the oral charge.

Refused charges A and B are also covered by given charges—the oral charge and given charge 20.

Refused charges C and E are covered by given charges 1, 2, 15, and 23.

There was no error in refusing several affirmative instructions requested by the respondents-appellants. Under any theory of the contest a jury question was presented. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

We have indicated that there was no election by the contestant to take under the will to be precluded thereby; that the contest was a clear renunciation of any right she had under the will. Such an estoppel does not arise by the mere fact of possession in the absence of benefits received with knowledge of the effect thereof. 68 C. J. pp. 933, 934, 935; 69 C. J. p. 967, § 2158; p. 968, § 2159.

The case has been tried three times, and the law declared under the evidence. It is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.

### On Rehearing.

THOMAS, Justice.

It is not intended to here determine the title to the house and lot in question, but to hold that the complainant had the right to possession under the father's action in life, and that the mere fact that she held the possession under the father's authority did not cut off her right to contest the will.

Application overruled.

ANDERSON, C. J.; and BOULDIN and BROWN, JJ., concur.